**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 26-00077-ELG |
| TURNER DEVELOPMENT, LLC, | ) | |
| | ) | (Chapter 11) |
| Debtor. | ) | |

**ORDER (I) AUTHORIZING SALE OF DEBTOR'S ASSETS FREE AND CLEAR OF LIENS AND INTERESTS AND (II) GRANTING RELATED RELIEF**

Upon consideration of the *Motion (I) for Entry of an Order (1) Approving Bid Procedures for the Sale of Real Property, (2) Approving the Stalking Horse Asset Purchase Agreement and Bid Protections, (3) Scheduling an Auction and Sale Hearing, (4) Authorizing the Debtor to Enter into the Stalking Horse Asset Purchase Agreement, and (5) Approving the Form and Manner of Notice and (B) An Order Authorizing the Sale of Real Property Free and Clear of Liens, Claims,*

Stephen E. Leach (DC Bar No. 925735)
Kristen E. Burgers (DC Bar No. 500674)
HIRSCHLER FLEISCHER, PC
1676 International Drive, Suite 1350
Tysons, Virginia 22102
Telephone: (703) 584-8900
Facsimile: (703) 584-8901
Email: sleach@hirschlerlaw.com
kburgers@hirschlerlaw.com

*Counsel to the Debtor*

*and Encumbrances; and (III) Granting Related Relief* [Dkt. No. ___] (the "**Motion**"), filed by Turner Development, LLC, the debtor and debtor-in-possession (the "**Debtor**") in the above-captioned chapter 11 bankruptcy case; and the Court having held a hearing on the Motion on ________, 2026; and the Court having determined that (i) the relief sought in the Motion is in the best interest of the Debtor, its estate, creditors, and all parties in interest; and (ii) the legal and factual bases set forth in the Motion and any exhibits and arguments of counsel offered at the hearing on the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is HEREBY FOUND AND DETERMINED THAT:

A. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Federal Rules of Bankruptcy Procedure 7052 and 9014.[1]

B. The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (N). Venue of this case and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief sought in the Motion is 11 U.S.C. §§ 363.

C. Due and adequate notice of the Motion and of the relief requested therein has been given in accordance with the provisions of 11 U.S.C. §§ 102(1) and 363, and Bankruptcy Rules 2002 and 6004. No other or further notice of the Motion is or shall be required.

D. The Asset Purchase Agreement (the "**APA**") between the Debtor and ____________________ (the "**Buyer**"), a copy of which was filed with the Court as Docket No. ___, is valid and enforceable, and was the result of arm's-length, good faith negotiation between

[1] To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.

the Debtor and the Buyer. The APA and the documents contemplated thereby shall be referred to herein as the "**Sale Documents**."[2]

E. The sale and transactions contemplated by the Sale Documents are undertaken by the Buyer in good faith, as that term is used in 11 U.S.C. § 363(m), and accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the sale and transactions shall not affect the validity of the sale of the property described in the APA (the "**Property**") to the Buyer or its assigns, unless such authorization is duly stayed pending such appeal. The Buyer is a purchaser in good faith of the Property and is entitled to all of the protections afforded by 11 U.S.C. § 363(m).

F. The Buyer entered into the proposed sale without collusion, in good faith, and from an arm's length bargaining position, and has not violated 11 U.S.C. § 363(n) by any action or inaction. The Debtor and the Buyer have not engaged in any conduct that would cause or permit the APA or any of the other Sale Documents to be avoided under 11 U.S.C. § 363(n).

G. The Debtor has, to the extent necessary or applicable, (a) the full limited liability company power and authority to execute and deliver to the Buyer the Sale Documents and all other documents contemplated thereby; (b) all organizational authority necessary to consummate the transactions contemplated by the Sale Documents; and (c) taken all limited liability company action necessary to authorize and approve the Sale Documents and the consummation of the transactions contemplated thereby. The Sale has been duly and validly authorized by all necessary corporate action. No consents or approvals, other than those expressly provided for in the Sale Documents, are required for the Debtor to consummate the Sale of the Property to the Buyer pursuant to the terms of the Sale Documents, or the transactions contemplated thereby.

[2] Capitalized terms used herein but not otherwise defined herein shall have the meanings set forth in the APA or Sale Documents, as applicable.

H. The Buyer is neither a successor nor a continuation of the Debtor.

I. The Buyer is unrelated to the Debtor, including the Debtor's past and present principals and owners.

J. There is a sound business justification for the Sale of the Property and the transactions contemplated in the Sale Documents.

K. The Debtor has complied in all material respects with the Bidding Procedures Order and the Bidding Procedures in connection with the marketing and sale of the Property, including the solicitation, receipt, evaluation, and consideration of bids and, if applicable, the conduct of the Auction, the selection of the Buyer as the Successful Bidder, and the selection of a Backup Bidder, if applicable.

L. The Purchase Price is fair and reasonable.

M. Each holder of any lien, claim, interest, or encumbrance in or against the Property that did not timely object to the Motion, or whose objection was withdrawn or resolved, shall be deemed to have consented to the Sale of the Property free and clear of such lien, claim, interest, or encumbrance pursuant to 11 U.S.C. § 363(f)(2). To the extent any such holder timely objected and such objection has not been withdrawn or resolved, such objection is overruled, and the Court finds that one or more of the other standards set forth in 11 U.S.C. § 363(f) have been satisfied with respect to such lien, claim, interest, or encumbrance.

N. The requirements of section 363(f) of the Bankruptcy Code have been satisfied with respect to the Sale of the Property free and clear of all liens, claims, interests, and encumbrances as provided in this Order.

Accordingly, for the foregoing reasons, and being otherwise fully advised in the premises, it is **ORDERED** and **ADJUDGED** that:

1. The Sale Motion [ECF No. XXX] is **GRANTED**.

2. The Sale Documents and the transactions contemplated thereby are hereby approved in all respects and are valid, binding, and enforceable in accordance with their terms. The Debtor and the Buyer are authorized to consummate the transactions contemplated by the APA and the other Sale Documents and to take all actions, execute and deliver all documents, and perform all obligations necessary or appropriate to effectuate such transactions and the transfer of the Property to the Buyer (the consummation of such transactions, the "Closing"). All persons and entities are hereby prohibited and enjoined from taking any action that would interfere with, impede, or adversely affect the Debtor's ability to consummate the Closing or transfer the Property to the Buyer in accordance with the Sale Documents and this Order.

3. [Fuse 10, as the Successful Bidder, is authorized, pursuant to section 363(k) of the Bankruptcy Code and the terms of the APA, to credit bid the Credit Bid Amount against the Purchase Price and to satisfy the balance of the Purchase Price, if any, through payment of the Cash Payment in accordance with the APA. The Credit Bid Amount shall constitute a dollar-for-dollar credit against the Purchase Price and shall not require the payment or transfer of cash by Fuse 10 to the Debtor with respect to such amount. The exercise of the credit bid shall not impair, waive, release, reduce, or otherwise adversely affect any portion of the Claim except to the extent expressly provided in the APA upon consummation of the Closing.]

4. [4. ___________ is hereby approved and designated as the Backup Bidder, and its Qualified Bid is hereby approved as the Backup Bid (the "**Backup Bid**"), in each case in accordance with the Bidding Procedures and the Bidding Procedures Order. The Backup Bidder shall remain obligated to consummate the Backup Bid in accordance with its terms and the Bidding Procedures through the expiration of the period specified in the Bidding Procedures. If the

Successful Bidder fails to consummate the Sale in accordance with the terms of its Successful Bid, the Debtor is authorized, but not directed, to designate the Backup Bidder as the Successful Bidder and to consummate the Sale with the Backup Bidder pursuant to the Backup Bid, without further order of the Court. Upon such designation, the Backup Bidder shall be deemed the Successful Bidder and the "Buyer" for all purposes under this Order, and all findings, conclusions, approvals, protections, and other relief granted to or with respect to the Buyer and the Sale under this Order shall apply to the Backup Bidder and the Backup Bid, as applicable.]

5. The Sale Documents and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto in accordance with the terms thereof without further order of the Court; provided that any such modification, amendment, or supplement does not materially alter the terms of the Sale or materially adversely affect the rights of any party in interest.

6. The Sale of the Property to the Buyer is hereby approved on an "AS IS, WHERE IS" basis, free and clear of any and all liens, claims, interests, and encumbrances of any kind or nature whatsoever pursuant to sections 105(a), 363(b), and 363(f) of the Bankruptcy Code, including, without limitation, any mortgages, deeds of trust, security interests, pledges, liens (including mechanics', materialmen's, statutory, consensual, and non-consensual liens), restrictions, charges, claims, judgments, demands, rights of first refusal, options, rights of setoff or recoupment, rights of recovery, claims for reimbursement, contribution or indemnity, and other interests or encumbrances, whether known or unknown, choate or inchoate, filed or unfiled, scheduled or unscheduled, recorded or unrecorded, perfected or unperfected, allowed or disallowed, contingent or non-contingent, liquidated or unliquidated, matured or unmatured, disputed or undisputed, and whether arising by agreement, statute, law, equity, or otherwise

(collectively, the "**Interests**"), with all such Interests to attach to the proceeds of the Sale as provided in this Order.

7. All Interests in or against the Property shall attach to the proceeds of the Sale with the same validity, priority, and effect that such Interests had with respect to the Property immediately prior to the Closing, subject to any rights, claims, defenses, and objections of the Debtor, its estate, and other parties in interest with respect thereto. [Notwithstanding the foregoing, to the extent Fuse 10 satisfies any portion of the Purchase Price through the Credit Bid Amount, no Interest of Fuse 10 shall attach to the portion of the Purchase Price satisfied by such credit bid, and the treatment of the Claim and the Interests of Fuse 10 shall be governed exclusively by the APA and this Order.]

8. The Sale of the Property shall be free and clear of any claims or liabilities based upon any theory of derivative, vicarious, transferee, or successor liability. By reason of the Sale, the Buyer shall not be deemed to: (a) be a successor to the Debtor; (b) have, de facto or otherwise, merged with or into the Debtor; (c) be a mere continuation or substantial continuation of the Debtor; or (d) be liable for any claims, liabilities, interests, or causes of action against or relating to the Debtor or the Property under any theory of successor, transferee, derivative, or vicarious liability, whether arising under applicable law, equity, or otherwise, except as expressly provided in the APA.

9. The Buyer shall have no obligation to pay any liabilities or obligations of the Debtor of any kind except as expressly provided in the APA or any other Sale Document.

10. If any person or entity that has filed or recorded any financing statement, mortgage, mechanic's lien, *lis pendens*, or other document or instrument evidencing an Interest in or against the Property has not, prior to the Closing, delivered an appropriate termination statement,

satisfaction, release, or other instrument necessary to evidence the release of such Interest from the Property, the Buyer and the Debtor are authorized to file, register, or otherwise record a certified copy of this Order, which shall constitute conclusive evidence of the release of such Interest from the Property as of the Closing. All applicable filing and recording officers are authorized and directed to accept this Order for filing or recording for such purpose.

11. This Order shall be binding upon and govern the acts of all persons, including all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of federal, state, county, and local officials, and all other persons who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments that reflect that the Buyer is the assignee and owner of the Property free and clear of all interests or claims, or who may be required to report or insure any title or state of title in or to any lease (all such entities being referred to as "**Recording Officers**"). All Recording Officers are authorized and specifically directed to strike recorded encumbrances, claims, liens, and other interests against the Property recorded prior to the date of this Order (except with respect to the Permitted Exceptions as set forth in the APA). Further, all Recording Officers are hereby directed to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the transactions contemplated by the APA and related agreements.

12. Prior to the Closing, each holder of an Interest in or against the Property is authorized to execute and deliver such documents and take such other actions as may be necessary or appropriate to evidence the release of such Interest from the Property effective as of the Closing.

13. The Court shall retain jurisdiction to interpret, implement, and enforce the terms and provisions of this Order and, to the extent provided in the APA and the other Sale Documents,

including, without limitation, to: (a) compel delivery of the Property to the Buyer in accordance with the APA and this Order; (b) compel payment of the Purchase Price and performance of the other obligations required to be performed in connection with the Closing; (c) resolve any disputes arising under or relating to the APA or the other Sale Documents, except as otherwise provided therein; and (d) interpret, implement, and enforce the provisions of this Order.

14. Within two (2) business days of the Closing, the Debtor shall file a notice of the occurrence of Closing.

15. Except with respect to the Permitted Exceptions and as otherwise expressly provided in the APA or this Order, all persons and entities holding or asserting any Interest in or against the Property are hereby forever barred, estopped, and permanently enjoined from asserting, prosecuting, commencing, continuing, or otherwise pursuing in any manner, directly or indirectly, any action, claim, or proceeding against the Buyer or any of its affiliates, predecessors, successors, or permitted assigns, or any of their respective current or former members, managers, officers, directors, managed funds, investment advisors, attorneys, employees, partners, principals, shareholders, financial advisors, representatives, or agents, or against any of their respective property or the Property, with respect to any Interest arising from or relating to the Debtor, the Property prior to the Closing, or the Sale or transfer of the Property to the Buyer. Nothing contained in this paragraph shall prohibit any person or entity from enforcing the terms of the APA, the other Sale Documents, or this Order.

16. Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry, and the fourteen (14)-day stay provided by Bankruptcy Rule 6004(h) is hereby waived.

WE ASK FOR THIS:

*/s/ Kristen E. Burgers*______________
Kristen E. Burgers (DC Bar No. 500674)
Hirschler Fleischer, PC
1676 International Drive, Suite 1350
Tysons, Virginia 22102
Telephone: (703) 584-8900
Email: kburgers@hirschlerlaw.com

*Counsel to the Debtor*

SEEN AND NO OBJECTION:

__________________________________
Maurice Verstandig (DC Bar No. _____)
The VerStandig Law Firm LLC
1452 W. Horizon Ridge Parkway, #665
Henderson, Nevada 89012

*Counsel to Fuse 10, LLC*

SEEN AND NO OBJECTION:

__________________________________
Katharine Toledo, Esq.
Office of the United States Trustee
1725 Duke Street, Suite 650
Alexandria, Virginia 22314

SEEN AND NO OBJECTION:

__________________________________
Douglas Broeker
Sweetapple, Broeker & Varkas, P. L.
12700 Biscayne Boulevard, Suite 402
North Miami, Florida 33181

*Counsel to Melissa Oden and Arthur Anselmo*

Copies to:

Stephen E. Leach, Esq.
Kristen E. Burgers, Esq.
Hirschler Fleischer, PC
1676 International Drive, Suite 1350
Tysons, Virginia 22102

Maurice Verstandig
The VerStandig Law Firm LLC
1452 W. Horizon Ridge Parkway, #665
Henderson, Nevada 89012

Katharine Toledo
Office of the United States Trustee
1725 Duke Street, Suite 650
Alexandria, Virginia 22314

Douglas Broeker
Sweetapple, Broeker & Varkas, P. L.
12700 Biscayne Boulevard, Suite 402
North Miami, Florida 33181

All attorneys who have entered an appearance and who are registered e-filers

All entities on the Court's mailing list