**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 26-00077-ELG |
| TURNER DEVELOPMENT, LLC, | ) | |
| | ) | (Chapter 11) |
| Debtor. | ) | |

**DEBTOR'S MOTION FOR ENTRY OF AN ORDER SETTING AN EXPEDITED HEARING ON DEBTOR'S MOTION FOR AN EXPEDITED HEARING ON MOTION (I) FOR ENTRY OF (A) AN ORDER (1) APPROVING BID PROCEDURES FOR THE SALE OF REAL PROPERTY, (2) APPROVING THE STALKING HORSE ASSET PURCHASE AGREEMENT AND BID PROTECTIONS, (3) SCHEDULING AN AUCTION AND SALE HEARING, (4) AUTHORIZING THE DEBTOR TO ENTER INTO THE STALKING HORSE ASSET PURCHASE AGREEMENT, AND (5) APPROVING THE FORM AND MANNER OF NOTICE AND (B) AN ORDER AUTHORIZING THE SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES; AND (II) GRANTING RELATED RELIEF**

Turner Development, LLC (the "**Debtor**"), the debtor and debtor-in-possession herein, moves (the "**Motion**") for the entry of an order setting an expedited hearing on and shortening the objection period for the *Motion (I) for Entry of an Order (1) Approving Bid Procedures for the Sale of Real Property, (2) Approving the Stalking Horse Asset Purchase Agreement and Bid Protections, (3) Scheduling an Auction and Sale Hearing, (4) Authorizing the Debtor to Enter into the Stalking Horse Asset Purchase Agreement, and (5) Approving the Form and Manner of Notice and (B) An Order Authorizing the Sale of Real Property Free and Clear of Liens, Claims, and Encumbrances; and (III) Granting Related Relief* [Docket No. 43] (the "**Sale and Bid**

---

Stephen E. Leach (DC Bar No. 925735)
Kristen E. Burgers (DC Bar No. 500674)
HIRSCHLER FLEISCHER, PC
1676 International Drive, Suite 1350
Tysons, Virginia 22102
Telephone: (703) 584-8900
Facsimile: (703) 584-8901
Email: sleach@hirschlerlaw.com
kburgers@hirschlerlaw.com

*Counsel to the Debtor*

**Procedures Motion**") and, in support thereof, respectfully state as follows:

## Background

1. On February 23, 2026 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code initiating this chapter 11 case. The Debtor continues to manage its property and financial affairs as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee has been appointed in this chapter 11 case; however, Fuse 10, LLC ("**Fuse**"), the Debtor's secured lender, has filed a Motion to Appoint a Trustee [Docket No. 32] (the "**Trustee Motion**").

2. The Debtor is a construction company and owner of multiple parcels of real property located in South Carolina. Of the real property owned by the Debtor, the most valuable are two parcels located at 1001 Old Aiken Road, North Augusta, South Carolina 29841 (Tax Parcel No. 013-12-01-0001, consisting of approximately 175.11 acres and Tax Parcel No. 013-12-01-0002, consisting of approximately 11.0 acres (the "**Property**"). The Property has received the requisite approvals for the construction of a Traditional Neighborhood Development named Weeping Willows, the plan for which contains 342 single-family homes, 107 townhomes, 150 apartments, a mixed-use Town Center, a trail, and sidewalks. Prior to the filing of this chapter 11 case, Fuse had commenced a foreclosure action in South Carolina.

3. After considering various restructuring alternatives, the Debtor determined, in the sound exercise of its business judgment, that a sale of the Property pursuant to section 363 of the Bankruptcy Code represents the best available means of maximizing the value of the Property for the benefit of the Debtor's estate and its creditors. To that end, on June 23, 2026, the Debtor filed its Application to Employ Coldwell Banker Commercial Realty to Provide Commercial Real Estate Brokerage Services [Docket No. 26].

4. The Debtor now seeks approval for a sale process in which Fuse will serve as the stalking horse bidder. More specifically, through the Sale and Bid Procedures Motions, the Debtor seeks entry of an order (1) approving certain bid procedures and the proposed form of notice of such bid procedures; (2) authorizing the Debtor to enter into and perform its obligations arising prior to closing under the Asset Purchase Agreement (the "**APA**"), by and between the Debtor and Fuse or its designated affiliate, as purchaser for the sale of the Property, which shall be filed in advance of the scheduled hearing on the Sale and Bid Procedures Motion; (3) approving the APA as the stalking-horse agreement and approving the bid protections provided therein, including a break-up fee equal to four percent (4%) of the Purchase Price ($120,000) and an expense reimbursement in an amount not to exceed $35,000; and (4) scheduling an auction, if necessary, and a hearing to consider approval of the sale; and (ii) following completion of the Court-approved sale process, entry of an order approving the sale to the successful bidder. Fuse's stalking horse bid is $3,000,000, which shall include a credit bid component in an amount up to the amount of Fuse's allowed secured claim as of the Closing Date, with any portion of the Purchase Price in excess of the Credit Bid Amount to be paid in cash at Closing in accordance with the APA. Fuse asserts that the amount of its secured claim as of August 26, 2026 is $1,967,989.37.

5. The Debtor is under time pressure to commence the sale process for the Property due to the upcoming end of the calendar year and holiday season, as well as the pending Trustee Motion. For these reasons, the Debtor seeks emergency consideration of the Sale and Bid Procedures Motion.

**<u>Venue and Jurisdiction</u>**

6. The Court has subject matter jurisdiction to consider this matter pursuant to 28

U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b) and may be determined by the Court. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## **Relief Requested**

7. By this Motion and the *Praecipe Re Emergency Matter* attached hereto as **Exhibit A**, the Debtor requests entry of an order, pursuant to section 105(a) of the Bankruptcy Code and Rules 5070-1(b) of the Local Rules of the United States Bankruptcy Court for the District of Columbia (the "**Local Bankruptcy Rules**"): (i) deeming the Debtor's *Notice of Hearing of Motion (I) for Entry of an Order (1) Approving Bid Procedures for the Sale of Real Property, (2) Approving the Stalking Horse Asset Purchase Agreement and Bid Protections, (3) Scheduling an Auction and Sale Hearing, (4) Authorizing the Debtor to Enter into the Stalking Horse Asset Purchase Agreement, and (5) Approving the Form and Manner of Notice and (B) An Order Authorizing the Sale of Real Property Free and Clear of Liens, Claims, and Encumbrances; and (III) Granting Related Relief* attached hereto as **Exhibit B** (the "**Notice**"), to be adequate and appropriate notice under the circumstances, (ii) setting an expedited hearing on the Sale and Bid Procedures Motion on the Court's September 9, 2026 chapter 11 motions docket; *i.e.*, for 10:00 a.m. on September 9, 2026, or such other date and time at the Court's convenience, and (iii) setting the deadline for filing objections to the Sale and Bid Procedures Motion for one day before the hearing; *i.e.*, September 8, 2026.

## **Basis for Relief**

8. The Debtor filed the Sale and Bid Procedures Motion to be heard by this Court on an expedited basis. Prompt entry of the relief requested in the Sale and Bid Procedures Motion is critical to the Debtor's ability to close on the sale of the Property expeditiously and pay its

secured creditors.

9. Section 105(a) of the Bankruptcy Code provides this Court with the power to set an expedited hearing on the Sale and Bid Procedures Motion. Section 105(a) states that a bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). In addition, Local Bankruptcy Rule 5070-1(b) allows the Court to, as requested herein, set a hearing on an expedited basis. In support of such request, the Debtor has provided the Praecipe required under Local Bankruptcy Rule 5070-1(b) as Exhibit A attached hereto.

10. An expedited hearing on the Sale and Bid Procedures Motion is appropriate under these circumstances, given the upcoming end of the calendar year and holiday season, as well as the Trustee Motion. The Debtor submits that approval of the Sale and Bid Procedures Motion on an emergency basis is in the best interests of the Debtor, creditors, and bankruptcy estate.

**Notice**

11. No trustee, examiner or creditors' committee has been appointed in this Chapter 11 Case. The Debtor is serving notice of this Motion, along with copies of the Sale and Bid Procedures Motion and all attachments thereto, by first class U.S. mail, and/or facsimile, and/or e-mail, as such information is available, on the following parties and their counsel, if known: (i) the Office of the United States Trustee, (ii) the Securities and Exchange Commission, (iii) counsel for Fuse, and (iv) all parties requesting notice in this chapter 11 case. The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

*REMAINDER OF PAGE INTENTIONALLY BLANK*

WHEREFORE, the Debtor respectfully requests entry of an order setting an expedited hearing on the Sale and Bid Procedures Motion and approving the form of notice thereof and granting such other relief as may be just and proper.

Dated: September 1, 2026

Respectfully submitted,

*/s/ Kristen E. Burgers*

Stephen E. Leach (DC Bar No. 925735)
Kristen E. Burgers (DC Bar No. 500674)
HIRSCHLER FLEISCHER, PC
1676 International Drive, Suite 1350
Tysons, Virginia 22102
Phone: (703) 584-8900
Facsimile: (703) 584-8901
Email: sleach@hirschlerlaw.com
kburgers@hirschlerlaw.com

*Counsel to the Debtor*

23388070.1 048878.00001