B10 (Official Form 10) (04/13)

UNITED STATES BANKRUPTCY COURT District of Columbia

# PROOF OF CLAIM

| Name of Debtor: | Case Number: |
|---|---|
| TURNER DEVELOPMENT, LLC | 26-00077-BKC-ELG |

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
MELISSA ODEN as Trustee for the W. Melissa Oden Revokable Trust

**COURT USE ONLY**

Name and address where notices should be sent:
DOUGLAS C. BROEKER, ESQ.
12700 Biscayne Blvd., Suite 402
Miami, FL 33181

Telephone number: (305) 374-5623 email: doug@broekerlaw.com

❒ Check this box if this claim amends a previously filed claim.

**Court Claim Number:**______________
(*If known*)

Filed on:______________________

Name and address where payment should be sent (if different from above):

Telephone number: email:

❒ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**1. Amount of Claim as of Date Case Filed:** $ 827,193.25

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

❒ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** Final Judgment of Foreclosure
(See instruction #2)

| **3. Last four digits of any number by which creditor identifies debtor:** | **3a. Debtor may have scheduled account as:** | **3b. Uniform Claim Identifier (optional):** |
|---|---|---|
| __ __ __ __ | W. Melissa Oden (See instruction #3a) | ______________________ (See instruction #3b) |

**4. Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Nature of property or right of setoff:** ☑ Real Estate ❒ Motor Vehicle ❒ Other
**Describe:** Apprx. 175.11 acres located 1001Old Aiken Road, North Augusta, SouthCarolina 29841(Tax Parcel No. 013-12-01-0001)

**Value of Property: $** 8,550,000.00

**Annual Interest Rate** 8.000 **%** ☑ Fixed or ❒ Variable
**(when case was filed)**

**Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:**

$_________________

**Basis for perfection:** final judgment/mortgage

**Amount of Secured Claim:** $ 827,193.25

**Amount Unsecured:** $_________________

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.**

❒ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B).

❒ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).

❒ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).

❒ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7).

❒ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).

❒ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(__).

**Amount entitled to priority:**

$______________________

**Amounts are subject to adjustment on 4/01/16 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

**7. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim Attachment is being filed with this claim. *(See instruction #7, and the definition of "**redacted**".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**8. Signature:** (See instruction #8)

Check the appropriate box.

☐ I am the creditor. ☑ I am the creditor's authorized agent. ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.) ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: Douglas C. Broeker, Esq.
Title: Attorney for Melissa Oden
Company: Sweetapple, Broeker & Miller, P.L.
Address and telephone number (if different from notice address above):

(Signature) [signature] (Date) July 3, 2026

Telephone number: email:

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest and documents required by FRBP 3001(c) for claims based on an open-end or revolving consumer credit agreement or secured by a security interest in the debtor's principal residence. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

## DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is a person, corporation, or other entity to whom debtor owes a debt that was incurred before the date of the bankruptcy filing. See 11 U.S.C. §101 (10).

**Claim**
A claim is the creditor's right to receive payment for a debt owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. § 506 (a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien.

A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. § 507 (a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

## INFORMATION

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the court's PACER system (www.pacer.psc.uscourts.gov) for a small fee to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

ELECTRONICALLY FILED - 2025 Nov 14 3:28 PM - AIKEN - COMMON PLEAS - CASE#2024CP0200667

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br>COUNTY OF AIKEN | IN THE COURT OF COMMON PLEAS<br>CASE NO.: 2024-CP-02-00667 |
| Fuse 10, LLC,<br><br>Plaintiff,<br><br>v.<br><br>Turner Development L.L.C., a/k/a Turner Development LLC, a/k/a Turner Development, LLC, Tracey D. Turner, The Case Company of SC LLC, South Carolina Department of Revenue, South Carolina Department of Employment and Workforce, W. Melissa Oden and James, H.R. Oden, Sr. as Trustees, or their successors in trust, under the W. Melissa Oden Revocable Trust, u/a/d April 30, 2016, a/k/a W. Melissa Oden Revocable Trust, Opportunities Afforded Plus, LLC, Ansermo L. Arthur, Parry Colbert, and Necole Allen,<br><br>Defendants. | **JUDGMENT OF FORECLOSURE AND SALE, CLAIM**<br>Deficiency Judgment Demanded |

A hearing was held October 21, 2025 at 10am. Evidence was presented, which is reported herewith, and from the evidence, I find and conclude as follows:

## FINDINGS OF FACT:

1. Plaintiff Fuse 10, LLC filed a Lis Pendens and original Summons and Complaint on March 15, 2024, to foreclose on two mortgages executed by Defendant Tracey Turner on behalf of his company, Defendant Turner Development, LLC (collectively, the "Turner Defendants") encumbering certain property in Aiken County, South Carolina.
2. Plaintiff filed an Amended Lis Pendens Summons and Complaint on May 7, 2024.
3. Service was made upon all Defendants as shown by the proofs of service filed herein.
4. Defendants Ansermo L. Arthur, Parry Colbert, and Necole Allen are in default.

5. No Defendant has raised any issues related to Plaintiff's standing to prosecute this action.
6. Melissa Oden is the trustee of the W. Melissa Oden Revocable Trust ("Oden.") Oden filed an answer and cross-claim through her attorney, Kyle B. Waddell. Oden also filed a Lis Pendens on March 26, 2024.
7. The Case Company, LLC filed an answer and crossclaim through its attorney, Chris Boguski.
8. Turner Development, LLC is the owner of the property that is the subject of this foreclosure action.
9. Turner Development executed and delivered to Plaintiff a promissory note dated February 12, 2021 ("Plaintiff's Original Note.") Plaintiff's Original Note evidences a loan ("Plaintiff's Loan") to Turner Development in like amount, pursuant to a loan agreement dated February 12, 2021, between Plaintiff and Turner Development (as amended, "Plaintiff's Loan Agreement").
10. Plaintiff's Original Note was amended by an Amended Restated, and Increased Promissory Note dated May 20, 2022 ("Plaintiff's Amended and Restated Note"), executed by Turner Development in favor of Plaintiff.
11. Under Plaintiff's Amended and Restated Note, the amount of Plaintiff's Loan and the principal amount of Plaintiff's Note was increased from $1,000,000 to $1,176,418, and the maturity date of Plaintiff's Loan and Note was extended to August 12, 2022.
12. Plaintiff's Original Note and Amended and Restated Note are hereinafter referred to collectively, as "Plaintiff's Note."
13. Plaintiff's Loan Agreement was amended by a First Amendment to Loan Agreement ("Plaintiff's First Amendment to Loan Agreement") dated as of May 20, 2022 between Turner Development and Plaintiff.
14. Plaintiff's First Amendment to Loan Agreement provided for the increase in the amount of Plaintiff's Loan from $1,000,000 to $1,176,418, and the extension of the maturity date of Plaintiff's Loan and the Note to August 12, 2022.
15. The maturity date of Plaintiff's Note and Loan was subsequently extended to November 21, 2022, by way of a forbearance agreement effective as of August 12, 2022.
16. The maturity date of Plaintiff's Note and Loan was further extended to August 8, 2023, by way of a second forbearance agreement dated as of February 8, 2023. As part of that



ELECTRONICALLY FILED - 2025 Nov 14 3:28 PM - AIKEN - COMMON PLEAS - CASE#2024CP0200667

ELECTRONICALLY FILED - 2025 Nov 14 3:28 PM - AIKEN - COMMON PLEAS - CASE#2024CP0200667

forbearance agreement, $86,223.98 in accrued but unpaid interest was "capitalized" by adding it to the outstanding principal balance under Plaintiff's Note and Loan.

17. The maturity date of Plaintiff's Note and Loan was further extended to December 8, 2023, by way of a third forbearance agreement dated as of August 8, 2023.
18. The maturity date of Plaintiff's Note and Loan was further extended to March 8, 2024, by way of a fourth forbearance agreement effective as of December 8, 2023.
19. As a result of the foregoing, the maturity date of Plaintiff's Note was extended to be March 8, 2024, and thus the entire outstanding balance of principal and interest on Plaintiff's Note was by the terms of Plaintiff's Note due and payable in full on March 8, 2024.
20. The amount currently due under Plaintiff's Note is as follows: As of October 21, 2025: $1,630.162.60 with a per diem of $474.58.
21. In addition to the foregoing amounts, Plaintiff's Note provides that Turner Development shall pay all reasonable attorneys' fees and all other costs and expenses incurred by Plaintiff in connection with the collection and enforcement of Plaintiff's Note and the foreclosure of the Mortgage.
22. Plaintiff has placed this matter with the undersigned attorneys for collection, and has incurred attorneys' fees and costs and expenses of collection.
23. In order to secure its obligations under Plaintiff's Note, Loan, Loan Agreement, and the debt evidenced thereby, Turner Development executed and delivered to Plaintiff that certain Mortgage, Security Agreement, and Financing Statement dated February 12, 2021 (together with any and all amendments or modifications thereto, the "February 2021 Mortgage"), recorded on February 22, 2021, in Book 4909, page 206 in the RMC for Aiken County, South Carolina.
24. The February 2021 Mortgage was amended by a Mortgage Modification Agreement dated May 20, 2022, by and between Plaintiff and Turner Development, which Mortgage Modification Agreement was recorded in the RMC for Aiken County in Book 5023 at Page 1494. This Mortgage Modification Agreement, among other things, amended the February 2021 Mortgage so as to expressly secure Plaintiff's Original Note as modified by the Amended and Restated.
25. An Event of Default has occurred under the February 2021 Mortgage as a result of the

Case 26-00077-ELG Doc 49-2 Filed 09/04/26 Page 7 of 26

ELECTRONICALLY FILED - 2025 Nov 14 3:28 PM - AIKEN - COMMON PLEAS - CASE#2024CP0200667

failure of Turner Development to pay the amounts due under Plaintiff's Note on the maturity date of Plaintiff's Note.

26. In order to further secure its obligations under Plaintiff's Note, Loan, Loan Agreements, and the debt evidenced thereby, Turner Development executed and delivered to Fuse 10, LLC that certain Assignment of Leases, Rents, and Profits dated February 12, 2021 (the "February 2021 Assignment"), recorded in Book 4909, Page 221, in the RMC for Aiken County, South Carolina. The February 2021 Assignment was amended by an Amendment to Assignment of Leases, Rents, and Profits dated May 20, 2022, between Fuse 10, LLC and Turner Development, recorded in the RMC for Aiken County in Book 5023, Page 1504.

27. In order to further secure its obligations under Plaintiff's Note, Loan, Loan Agreement, and the debt evidenced thereby, Turner Development executed and delivered to Plaintiff that certain Mortgage, Security Agreement, and Financing Statement dated March 12, 2021 (together with any and all amendments or modifications thereto, the "March 2021 Mortgage"), recorded on March 18, 2021, in Book 4915, page 406 in the RMC for Aiken County, South Carolina.

28. The March 2021 Mortgage was amended by a Mortgage Modification Agreement dated May 20, 2022, by and between Plaintiff and Turner Development, which Mortgage Modification Agreement was recorded in the RMC for Aiken County in Book 5023 at Page 1499. This Mortgage Modification Agreement, among other things, amended the February 2021 Mortgage so as to expressly secure Plaintiff's Original Note as modified by Plaintiff's Amended and Restated Note.

29. An Event of Default has occurred under the March 2021 Mortgage as a result of the failure of Turner Development to make payments as and when required under Plaintiff's Note.

30. In order to further secure its obligations under Plaintiff's Note, Loan, Loan Agreements, and the debt evidenced thereby, Turner Development executed and delivered to Fuse 10, LLC that certain Assignment of Leases, Rents, and Profits dated March 12, 2021 (the "March 2021 Assignment"), recorded in Book 4915, Page 421, in the RMC for Aiken County, South Carolina. Assignment was amended by an Amendment to Assignment of Leases, Rents, and Profits dated May 20, 2022 between Fuse 10, LLC and Turner Development, recorded in the

Case 26-00077-E Document 49-2 Filed 07/09/24 Page 5 of 23

ELECTRONICALLY FILED - 2025 Nov 14 3:28 PM - AIKEN - COMMON PLEAS - CASE#2024CP0200667

RMC for Aiken County in Book 5023, Page 1509.

31. Defendant Tracey D. Turner, heretofore executed and delivered to Plaintiff his Unconditional Continuing Guaranty of Payment and Performance dated February 12, 2021 (the "Guaranty"), pursuant to the terms of which Defendant Tracey D. Turner, absolutely and unconditionally guaranteed to Plaintiff the payment when due of Plaintiff's Original Note.
32. Defendant Tracey D. Turner, hereto executed and delivered to Plaintiff a Notice that Waiver of Appraisal Rights Will be Required ("Waiver of Appraisal Rights") dated February 12, 2021, pursuant to the terms of which Defendant Tracey D. Turner waived and relinquished the statutory appraisal rights.
33. Despite demand, Defendant Tracey D. Turner has not paid the amounts due on the Guaranty.
34. Plaintiff has established that it is entitled to a first priority lien on the subject property, subject only to ad valorem taxes or other liens given priority by statute.
35. Furthermore, Turner Development, by and through its member and agent, Tracey D. Turner, entered into a joint venture agreement with Oden on or about September 20, 2022 ("Joint Venture Agreement.")
36. Under the Joint Venture Agreement, Oden agreed to loan Turner Development $600,000.00 in exchange for Turner Development's promise to execute a promissory note at an interest rate of eight percent (8%) with a maturity date of October 1, 2026, and a 25% interest and mortgage secured in Weeping Willows Phase I and Phase II Development land, which is part of the property at issue in this action. As the Joint Venture Agreement did not specify the type of interest rate, the interest rate is presumed to be calculated simple per annum.
37. The Joint Venture Agreement provided that Oden's mortgage in the Weeping Willows Phase I and Phase II Development land would be recorded if Turner Development was unable to secure financing to complete the Development or that Turner was in eminent default on the Phase I and II Development.
38. Turner Development also agreed to give Oden the equivalent of seven (07) acres more or less for construction of a gym facility which would be incorporated into the Weeping Willows Development.

ELECTRONICALLY FILED - 2025 Nov 14 3:28 PM - AIKEN - COMMON PLEAS - CASE#2024CP0200667

39. Oden provided the $600,000 capital contribution and loan to Turner Development as agreed under the Joint Venture Agreement contemporaneously with the execution of the Agreement on or about September 20, 2022.
40. In reliance upon Turner Development's agreement to provide land for Oden to build a gym facility in the Weeping Willows development, Oden also purchased approximately $27,000 in gym equipment on or about October 3, 2022. To date, Oden has been unable to resell this equipment anywhere near the original purchase price. The agreement does not have a provision describing any gym equipment
41. The Joint Venture Agreement specified that time is of the essence in the Agreement.
42. Turner Development never executed the promissory note and mortgage to secure the debt to Oden as agreed.
43. Oden made multiple attempts both with Tracey Turner directly and through his attorney to execute the promissory note and mortgage, all of which were unsuccessful.
44. To date, Turner Development has not executed the promissory note or the mortgage despite the provision that time is of the essence in the Joint Venture Agreement.
45. Turner Development was unable to secure financing to complete the Development.
46. Turner Development has also been in eminent and actual default on the Weeping Willows Phase I and II Development since approximately September 2022 due to its failure to satisfy its financial obligations to Oden, Fuse 10, LLC and other investors in the Development, failure to pay the general contractor, The Case Company of SC, LLC, ("Case Company") for the initial work it performed on the Weeping Willows Phase I and II, which resulted in a stop work order of the Development issued by Aiken County in December 2023, failure to use the investment funds provided by Oden and other investors solely for the purpose of the Development, failure to keep accurate and complete books of account in accordance with generally accepted accounting principals for the Joint Venture and to permit Oden to inspect and examine any books of account upon her request, failure to provide the equivalent of seven (7) acres for the construction of a gym facility to Oden to incorporate into the now abandoned development of Weeping Willow, failure to properly manage the day to day operations of the Development, failure to complete construction of the Phase I and II Development, and failure to act in the best interests of the Joint Venture with Oden.

ELECTRONICALLY FILED - 2025 Nov 14 3:28 PM - AIKEN - COMMON PLEAS - CASE#2024CP0200667

47. Consequently, Turner was required under the Joint Venture Agreement to record the mortgage in the Weeping Willows Phase I and II Development land by December 2023 at the very latest.
48. On October 21, 2025, following a full evidentiary hearing, this Court has determined that Oden has proven her claim for breach of contract against Turner Development by a preponderance of the evidence. In addition to Turner Development's failure to execute the note and mortgage, it has not made any repayments on Oden's capital contribution, used Oden's funds exclusively for the Development, and/or properly managed or completed the Development. Under the plain language of the Joint Venture Agreement, Turner Development's obligations were in exchange for Oden's capital contribution and thus, failure to meet these fundamental obligations was a material breach of contract and resulted in damages to Oden.
49. Turner Development admitted it entered into the Joint Venture Agreement with Oden. Turner Development also does not dispute the Joint Venture Agreement required it to execute the promissory note and mortgage on the property as security for Oden's capital contribution and loan of $600,000 to Turner Development. And it admits that it agreed to repay the loan at a rate of 8% interest with a maturity date of October 1, 2026.[1]
50. While Oden fulfilled her obligation under the Joint Venture Agreement by loaning $600,000 to the Turner Defendants, Turner Development admits it did not execute the mortgage and promissory note.
51. Turner Development's alleged excuse for failing to execute the mortgage and note is because the documents were not provided to Defendants prior to the lender giving notice of foreclosure. This excuse is insufficient. Contrary to the Turner Defendants' representations, Oden's counsel did send proposed draft documents to their then-counsel, Randy Frails of Frails & Wilson, on February 7, 2024, before Plaintiff filed the instant foreclosure action on March 15, 2024. After receiving no response, Oden's counsel sent a follow-up communication on February 21, 2024, which again received no response, and then finally sent a demand letter on April 23, 2024, that also went unanswered.
52. It is also immaterial whether the draft documents were provided to Turner Development

[1] Because the Joint Venture Agreement does not specify the type of interest on the loan, this Court finds that the interest rate of 8% should be calculated simple per annum as an implied term of the contract.

ELECTRONICALLY FILED - 2025 Nov 14 3:28 PM - AIKEN - COMMON PLEAS - CASE#2024CP0200667

prior to the lender giving notice of the foreclosure. This Court is not aware of any authority that prohibits executing a mortgage—or a promissory note—merely because a lender gives notice of foreclosure.

53. Turner, not Oden, was obligated to deliver to Oden the signed note and mortgage after executing the contract in September 2022. The Joint Venture Agreement states Turner development shall give Oden a promissory note at a rate of 8% and security deed / mortgage secured by Phase I and II land; the contract says nothing about Oden providing draft documents to Turner Development to execute. When Oden discovered that Turner Development had not executed the note or mortgage, she repeatedly asked Tracey Turner to give her the executed documents, and he continually ignored her requests.

54. In addition to Turner Development's failure to execute the note and mortgage, it has not made any repayments on Oden's loan. Under the plain language of the Joint Venture Agreement, Turner Development's obligations were in exchange for Oden's capital contribution and thus, failure to meet these fundamental obligations was a material breach of contract.

55. Oden has suffered damages because if Turner Development had fulfilled its contractual obligations, Oden would have received valuable consideration for her $600,000 capital contribution by way of a completed Phase I and II Development, and have received regular payments on her capital contribution plus 8% interest through October 1, 2026. She also would not have spent $27,000 to purchase gym equipment in reliance on Turner Development's promise to provide land for a gym, which she has not been able to recoup. However, the agreement only discussed the acreage and did not contain any language concerning equipment and Oden was not obligated to purchase the equipment at the stage of the development or the joint venture. And when Turner Development defaulted on its financial obligations, Oden would have a valid mortgage on the land to secure her interest.

56. The Joint Venture Agreement was a valid contract, which Turner Development materially breached, and Oden has shown she suffered damages as a result of the breach. Thus, Oden is entitled to judgment on her breach of contract crossclaim against Turner Development for the principal and interest on the capital contribution of $600,000 at the stated interest rate of 8.00% per annum.

ELECTRONICALLY FILED - 2025 Nov 14 3:28 PM - AIKEN - COMMON PLEAS - CASE#2024CP0200667

57. The Court has also determined that specific performance is appropriate to require Turner Development to specifically perform its contractual duties to execute the promissory note and mortgage and record the mortgage in Weeping Willows Phase I and Phase II Development, as required under the Joint Venture Agreement.

58. Specific performance is an equitable remedy that is generally granted when there is no adequate remedy at law and specific enforcement of the contract is equitable between the parties. *Shirey v. Bishop*, 431 S.C. 412, 422 (Ct. App. 2020). When land is the subject matter of an agreement, however, "the jurisdiction of equity to enforce specific performance is undisputed and does not depend on the inadequacy of the legal remedy in the particular case." *Id.* Specific performance is appropriate when the court of equity finds: (1) clear evidence of an agreement; (2) the agreement has been partly carried into execution on one side with the approbation of the other; and (3) the party who comes to compel performance has performed on his part. *Id.; see also Clardy v. Bodolosky*, 383 S.C. 418, 427 (Ct. App. 2009).

59. The subject matter of the Joint Venture Agreement between Oden and Turner Development expressly concerns the development and mortgage of land. The Joint Venture was intended to finance and complete Phases I and II of the residential mixed-use development that would be known as Weeping Willows. As a real estate development project, land was the subject of the Joint Venture Agreement, further evidenced by the terms whereby Turner Development would grant Oden a mortgage on a portion of the property on which the Weeping Willows Development would be built. Because real property is the subject matter of the agreement, the court need not find the inadequacy of a legal remedy in this case. *Shirey*, 431 S.C. at 422.

60. Like in *Shirey*, Oden has satisfied all the elements of specific performance in this case. The written, signed Joint Venture Agreement is clear evidence of an agreement. Both Oden and Turner Development executed the Joint Venture Agreement. Oden, who seeks to compel performance by Turner Development, performed her part of the Agreement in good faith when she provided the capital contribution of $600,000.00. Because Turner Development has repeatedly failed to perform its chief obligations under the Joint Venture Agreement, including by refusing to execute the note and mortgage on the property, specific performance is appropriate.

ELECTRONICALLY FILED - 2025 Nov 14 3:28 PM - AIKEN - COMMON PLEAS - CASE#2024CP0200667

61. Turner Development is hereby ordered to execute the promissory note and mortgage required under the Joint Venture Agreement, using the note and mortgage forms attached as Exhibit 10 to Oden's Notice of Filing filed on October 16, 2025, and provide such mortgage to Oden through her counsel of record no later than **December 10, 2025**, to have such mortgage recorded in the RMC for Aiken County, South Carolina. The foreclosure sale in the above-captioned action will not occur until Oden's mortgage is recorded.

62. Because the Court grants Oden's request for specific performance, it will allow Oden to foreclose on the Subject Property. Under the Joint Venture Agreement, Turner Development should have promptly executed the promissory note and mortgage after September 20, 2022, as time was of the essence and Oden immediately issued the $600,000 loan to Turner Development. But since September 2022, Turner Development has failed to make any payment on the debt; a failure which would have constituted a default under the note and mortgage. Turner Development's default on the promissory note and mortgage would enable Oden to foreclose on the mortgaged property. See 27 S.C. Jur. Mortgages § 104 ("A mortgage is a contract, and the foreclosure of a mortgage presupposes that the contract provides for foreclosure as a remedy upon default."); *Lever v. Lighting Galleries, Inc.*, 374 S.C. 30 (2007) (A mortgagee who has a promissory note and a mortgage to secure a debt has the option to either bring an action on the note or to pursue a foreclosure action.) Because Turner Development has already defaulted on its contract, payment, and mortgage obligations, this Court grant, Oden's request for specific performance, Oden is entitled to foreclose on Phases I and II of the Subject Property, as delineated in the contract and recorded deeds.

63. The amount due as of the date of hearing is as follows:

Original Principal Balance……………………………………………………..$600,000.00
Plus, Interest Accrued…………………………………………………………$147,813.70
TOTAL debt including interest to date………………………………………..$747,813.70

64. Under the Joint Venture Agreement, Oden is entitled to recover attorneys' fees and costs from Turner Development. The Joint Venture Agreement states "[e]ach member will indemnify the remaining Members against all losses, costs and claims that may arise in the event of the Venture being terminated as a result of breach of the Agreement by that

ELECTRONICALLY FILED - 2025 Nov 14 3:28 PM - AIKEN - COMMON PLEAS - CASE#2024CP0200667

Member." All losses, costs, and claims in this indemnity provision implicitly includes attorneys' fees and costs incurred as a result of the breach under applicable South Carolina law. Turner Development, which is a "Member," breached the Agreement with Oden, the other "Member," by failing to execute/record the promissory note and mortgage, failing to make any payment on the loan, failing to complete the development of Weeping Willows Phase I or II, and other failures listed in Paragraph 46 above. The JV Agreement was terminated as a result of these material breaches. As such, Oden is entitled to reasonable attorneys' fees and costs in her crossclaim against Turner Development. Fulcher Hagler has submitted attorney's fees and costs through November 4, 2025 in the amount of $63,467.22. (See *Sherlock Holmes Pub, Inc. v City of Columbia*, 389 S.C. 77, 697 S.E. 2nd 619 (Ct. App. 2010)

65. Oden has established that it is entitled to a second priority lien on the subject property, subject only to ad valorem taxes or other liens given priority by statute.
66. Plaintiff is seeking the usual foreclosure of the first priority mortgage and has expressly waived the right to a personal or deficiency judgment pursuant to S.C. Code Ann. §29-3-660 as to Tracey D. Turner and Turner Development, LLC by a Notice of Waiver of Deficiency Judgment filed on October 30, 2025. The Plaintiff may waive any of its rights, including its right to a personal or deficiency judgment, at any time prior to the foreclosure sale. Oden has demanded its right to a deficiency.
67. The following Defendants may claim a subordinate lien upon or subordinate interest in the subject property and in the event, there is a surplus from the sale of the subject property and in the event, there is a surplus from the sale of the subject property, these Defendants may present through any such lien or legal interest a claim to the surplus at a hearing subsequent to the sale, in accordance with Rule 71(c) South Carolina Rules of Civil Procedure. The said Defendants and such liens or legal interests are as follows:
    a. Oden, by virtue of the Joint Venture Agreement between Oden and Turner Development, LLC, executed on September 21, 2022, loan given by Oden to Turner Development, LLC in the amount of $600,000.00, and that mortgage which this Court specifically orders Turner Development, LLC, to execute and give to Oden in the amount of $600,000.00, in Weeping Willows Phase I and II Development land prior to the foreclosure sale, also including any other liens

ELECTRONICALLY FILED - 2025 Nov 14 3:28 PM - AIKEN - COMMON PLEAS - CASE#2024CP0200667

Oden may have. Oden is seeking foreclosure of this second priority mortgage and has expressly demanded the right to a personal or deficiency judgment pursuant to S.C. Code Ann. §29-3-660 demanded against Tracey D. Turner and Turner Development, LLC.

b. The Case Company, LLC by virtue of that Agreement between Turner Development, LLC and Case Company dated June 12, 2023, for unpaid work performed in the amount of $283,552.65, also including any other liens, they may have.

IT IS THEREFORE ORDERED.

68. There is due on Plaintiff's Notes, first Mortgage and Guarantees set forth in the Complaint the sum of $1,630.162.60 as of October 21, 2025 with a per diem of $474.58 as set out in the Findings of Fact *supra,* together with interest at the rates provided therein on the balance of principal from the date aforesaid to the date hereof.

69. Plaintiff shall have judgment demanded against Tracey D. Turner and Turner Development, LLC. The Plaintiff may waive any of its rights, including its right to a personal or deficiency judgment, at any time prior to the foreclosure sale.

70. The amount due in the preceding paragraph (the "Final Total Debt" as set out in the Findings of Fact *supra)* shall accrue interest at the rate of the respective note rate(s) per annum and together with such interest shall constitute the total judgment debt due Plaintiff.

71. There is due on Oden's Note and Mortgage set forth in its Cross-Claim the sum of $600,000.00, as set out in the Findings of Fact *supra,* together with interest at the rates provided therein on the balance of principal from the date aforesaid to the date hereof, and attorney's fees and costs in the amount of $63,467.22. The total amount owed to Oden through November 4, 2025, including her attorneys' fees, is $811,280.92.

72. Oden shall have judgment demanded against Tracey D. Turner and Turner Development, LLC. Oden may waive any of its rights, including its right to a personal or deficiency judgment, at any time prior to the foreclosure sale.

73. The amount due in the preceding paragraph (the "Final Total Debt" as set out in the Findings of Fact *supra)* shall accrue interest at the rate of the respective note rate(s) per annum and together with such interest shall constitute the total judgment debt due

Case 26-00077-ELG Doc 49-2 Filed 09/04/26 Page 13 of 23

ELECTRONICALLY FILED - 2025 Nov 14 3:28 PM - AIKEN - COMMON PLEAS - CASE#2024CP0200667

Plaintiff.

74. On default of payment at or before the time of the sale of the property, the mortgaged property described hereinafter shall be sold by the below signed Master in Equity or Special Referee or other court-appointed or designated agent or auctioneer at public auction at the Aiken County Courthouse, in the City of Aiken, and State of South Carolina on a sales day determined by the below signed Master in Equity or Special Referee, on the following terms:

    a. For cash or its equivalent: An immediate deposit of 5% is required on the amount of the bid by no later than 1:00 p.m. on the day of the sale. The deposit will be applied to the purchase price when total compliance is made. In the event compliance is not made, the deposit shall be forfeited without further hearing and applied first to costs and expense of the action and then to plaintiff's debt. Should the successful bidder at the regularly conducted sale fail or refuse either to make the required deposit at time of bid or to comply with the other terms of the bid within 20 days, then the property may be re-sold on the same terms and conditions on the same or some subsequent sales day and at the risk of the defaulting bidder.
    b. Interest on the balance of the bid after the deposit is applied shall be paid through the day of compliance at the Note rates.
    c. The sale shall be subject to taxes and assessments, existing easements and restrictions, and any other senior encumbrances.
    d. Purchaser shall pay for any statutory commission on sale from the proceeds of the final bid amount.
    e. Purchaser to pay for deed preparation, costs of recording the deed, and transfer taxes on the deed.
    f. Purchase shall be tied to possession of the premises only after Purchaser fully complies with the bid amount and a deed is issued by the Master in Equity.

75. Personal or deficiency judgment having been demanded, the sale will remain open for thirty (30) days pursuant to S.C. Code Ann. Sec. 15-39-720 (1976).

76. Plaintiff and Oden may waive any of their rights, including their right to a deficiency judgment in accordance with Rule 71, of the South Carolina Rules of Civil Procedure, prior to sale.

ELECTRONICALLY FILED - 2025 Nov 14 3:28 PM - AIKEN - COMMON PLEAS - CASE#2024CP0200667

77. The Master in Equity will give notice of the time and place of the sale by advertisement according to law and the terms thereof by advertisement according to law and will execute to the Purchaser a deed to the property sold. Plaintiff or any other party to this action may become a purchaser at such sale. If, upon such sale being made, the Purchaser should fail to comply with the terms thereof within 20 days after date of sale, then the Master in Equity may advertise the said premises for sale on the next or some other subsequent sales day at the risk of the highest bidder and so from time to time thereafter until a full compliance shall be secured.
78. In the event an agent of Plaintiff does not appear at the time of sale, the within property shall be withdrawn from sale and sold at the next available sales date upon the same terms and conditions as set forth in this Judgment of Foreclosure and Sale or such terms as may be set forth in a supplemental order.
79. If Plaintiff is the successful bidder at the said sale for a sum not exceeding the amount of costs and expenses of the sale, plus the indebtedness of Plaintiff in full, Plaintiff may pay to the Master in Equity only the amount of the costs and expenses crediting the balance of the bid on Plaintiffs indebtedness.
80. The Master in Equity will apply the proceeds of the sale as follows:

FIRST: To the payment of the permitted costs, charges, and expenses of this action;

NEXT: To the payment to Plaintiff or Plaintiff’s attorney of the amount of Plaintiff’s debt and interest or so much thereof as the purchase money will pay on the same; and the Plaintiff's attorney shall receive and disburse such funds only in absolute compliance with Plaintiff's principal, interest allowable advances, and related calculations of this Court, including the Court's award for attorney fees, court permitted charges and taxable costs pursuant to Rules 54 and 71 of the South Carolina Rules of Civil Procedure and the terms of the Note and Mortgage; After crediting the proceeds of sale, net of any commission on sale, an Order for Deficiency Judgment shall be entered without further notice or hearing.

NEXT: To the payment to Oden or Oden’s attorney of the amount of Oden’s debt and interest or so much thereof as the purchase money will pay on the same; and Oden’s

ELECTRONICALLY FILED - 2025 Nov 14 3:28 PM - AIKEN - COMMON PLEAS - CASE#2024CP0200667

attorney shall receive and disburse such funds only in absolute compliance with Oden's principal, interest allowable advances, and related calculations of this Court, including the Court's award for attorney fees, court permitted charges and taxable costs pursuant to Rules 54 and 71 of the South Carolina Rules of Civil Procedure and the terms of the Note and Mortgage; After crediting the proceeds of sale, net of any commission on sale, an Order for Deficiency Judgment shall be entered without further notice or hearing.

NEXT: Any surplus will be held pending further Order of the Court as provided for in the South Carolina Rules of Civil Procedure, particularly Rule 71(c) of the South Carolina Rules of Civil Procedure.

81. In the event the successful bidder is someone other than the Defendant(s) in possession of the subject property, the Sheriff of Aiken County is ordered and directed to eject and remove from the property the occupant(s) of the property sold, together with all personal property located thereon, and put the successful bidder or his assigns in full, quiet, and peaceable possession of said property without delay, and to keep said successful bidder or his assigns in such peaceable possession.
82. In the event the successful bidder is other than the Defendant(s) in possession of the subject property and the occupants have voluntarily vacated the property or have been ejected from the property leaving furnishings, fixtures and items not subject to Plaintiffs Mortgage in said property, the Purchaser is authorized to remove from the property all furnishings, fixtures and items not subject to the lien of Plaintiffs Mortgage. The personal property, being deemed abandoned, shall be removed by the Purchaser or its agents from the subject property by placing said personal property on the public street or highway or by any other means.
83. The Defendant(s) named herein, and all persons whosoever claiming under Defendant(s), is forever barred and foreclosed of all right, title, interest, equity of redemption or lien in the said mortgaged property so sold, or any part thereof.
84. In accordance with Rule 77(d), of the South Carolina Rules of Civil Procedure, the Clerk of Court shall serve a notice of entry of this Judgment of Foreclosure upon all parties not in default for failure to appear in this action.

ELECTRONICALLY FILED - 2025 Nov 14 3:28 PM - AIKEN - COMMON PLEAS - CASE#2024CP0200667

85. The deed of conveyance made pursuant to the foreclosure sale shall contain the names of only the first-named Plaintiff and the first-named Defendant(s), and the Defendant(s) who was/were the titleholder(s) of the mortgaged property at the time of the filing of the notice of pendency of the within action, and the name of the grantee. The Register of Deeds/Clerk of Court is authorized to omit from the indices pertaining to such conveyance the names of all parties not contained in said deed.
86. The undersigned will retain jurisdiction to do all necessary acts incident to this foreclosure including, but not limited to, the issuance of a Writ of Assistance.
87. At the foreclosure merits hearing, the Notes were stamped with the following language: NOTICE: THE INSTRUMENT WAS PRESENTED TO THE COURT OF COMMON PLEAS FOR AIKEN COUNTY, SOUTH CAROLINA ON OCTOBER 21, 2025, AS AN EXHIBIT IN COLLECTION AND/OR FORECLOSURE PROCEEDING. A TRUE COPY WAS SUBSTITUTED, MARKED AND RETAINED BY THE COURT. In the event the foreclosure case is settled or resolved prior to the foreclosure sale and a dismissal is filed with the court, the stamp affixed to the Note will become null and void and have no future effect on the validity and enforcement of the Note as of the date of the recording of the Dismissal.
88. The following is a description of the property herein ordered to be sold:

ALL that lot or parcel of land, with improvements thereon, situate, lying and being in the State of **South Carolina**, County of **Aiken**, being shown and designated as **Containing 195.30 Acres, more or less**, comprised of the "Farm Tract" and "Home Tract" on a plat prepared by John M. Bailey & Associates, PC, dated September 27, 2010, recorded in the Office of the Clerk of the Superior Court of **Aiken** County, **South Carolina**, in Plat Book **57**, Page **887**; reference being made to said plat for a more complete and accurate description as to the metes, bounds and location of said property

**LESS AND EXCEPT THEREFROM** ALL that lot or parcel of land, with improvements thereon, situate, lying and being in the State of **South Carolina**, County of **Aiken**, being shown and designated as **Containing 10.83 Acres, more or less**, on a plat prepared for Heights Church, dated November 19, 2015, recorded in the Office of the Clerk of the Superior

ELECTRONICALLY FILED - 2025 Nov 14 3:28 PM - AIKEN - COMMON PLEAS - CASE#2024CP0200667

Court of **Aiken** County, **South Carolina**, in Plat Book **59**, Page **60**; reference being made to said plat for a more complete and accurate description as to the metes, bounds and location of said property.

**LESS AND EXCEPT THEREFROM** ALL that lot or parcel of land, with improvements thereon, situate, lying and being in the State of **South Carolina**, County of **Aiken**, being shown and designated as **Containing 11.00 Acres, more or less**, on a plat prepared for Mark A. Richards, dated November 19, 2015, recorded in the Office of the Clerk of the Superior Court of **Aiken** County, **South Carolina**, in Plat Book **59**, Page **44**; reference being made to said plat for a more complete and accurate description as to the metes, bounds and location of said property.

Tax Map and Parcel number 013-12-01-001.

This being the same property conveyed from Haskell Family Properties, LLC to Turner Development, LLC by that certain Title to Real Estate recorded in the R.M.C. for Aiken County on February 22, 2021, in Book RB 4909 Page 202.

The real property affected by the March 2021 Mortgage is situated in the County of Aiken, State of South Carolina, and is described as follows:

ALL that lot or parcel of land, with improvements thereon, situate, lying and being located approximately One (1) mile West of **Clearwater**, in the State of **South Carolina**, County of **Aiken**, being shown and designated as **consisting of 11.0 acres, more or less**, on a plat recorded in the Office of the RMC for Aiken County, South Carolina in **Plat Book 59, Page 44**; reference being made to said plat for a more complete and accurate description as to the metes, bounds and location of said property.

Tax Map and Parcel number: **013-12-01-002.**

Case 26-00077-ELG Doc 49-2 Filed 09/04/26 Page 18 of 23

ELECTRONICALLY FILED - 2025 Nov 14 3:28 PM - AIKEN - COMMON PLEAS - CASE#2024CP0200667

This being the same property conveyed from Mark Allen Richards to Turner Development, LLC by that certain Title to Real Estate dated March 12, 2021, recorded in the R.M.C. for Aiken County on March 18, 2021, in Book RB 4915 at Page 402.

________________________________
M. Anderson Griffith
Master in Equity

______________________
Aiken, South Carolina

PREPARED BY:

*<u>/s/ David J. Hymel</u>*
KYLE B. WADDELL
South Carolina Bar No.: 106095
DAVID J. HYMEL
South Carolina Bar No.: 107181
*Attorneys for Melissa W. Oden as Trustee of the W. Melissa Oden Revocable Trust*

OF COUNSEL:

FULCHER HAGLER LLP
POST OFFICE BOX 1477
AUGUSTA, GA 30903-1477
Telephone: 706-724-0171
Fax: 706-396-3625
Email: kwaddell@fulcherlaw.com
dhymel@fulcherlaw.com

ELECTRONICALLY FILED - 2025 Nov 14 3:28 PM - AIKEN - COMMON PLEAS - CASE#2024CP0200667

**FORM 4**

**STATE OF SOUTH CAROLINA** | **JUDGMENT IN A CIVIL CASE**

**COUNTY OF AIKEN**

**IN THE COURT OF COMMON PLEAS** | **CASE NO.** 2025CP0200667

| | |
|---|---|
| Fuse 10, LL | Turner Development L.L.C., a/k/a Turner Development LLC a/k/a Turner Development, LLC, Tracey D. Turner, The Case Company of SC LLC, South Carolina Department of Revenue, South Carolina Department of Employment and Workforce, W Melissa Oden and James H. R. Oden. Sr. as Trustees or their successors in trust, under the W. Melissa Oden Revocable Trust, u/a/d April 30, 2016, a/k/a W. Melissa Oden Revocable Trust, Opportunities Afforded Plus, LLC, Ansermo L. Arthur, Parry Colbert, and Necole Allen, |
| PLAINTIFF(S) | DEFENDANT(S) |

| | |
|---|---|
| **Submitted by:** | **Attorney for :** ☐ Plaintiff ☐ Defendant or ☐ Self-Represented Litigant |

**Disposition Type (Check One)**

☐ **JURY VERDICT**. This action came before the court for a trial by jury. The issues have been tried and a verdict rendered.

☒ **DECISION BY THE COURT**. This action came to trial or hearing before the court. The issues have been tried or heard and a decision rendered. ☐ <u>See Page 2 for additional information.</u>

☐ **ACTION DISMISSED** (*CHECK REASON*): ☐ Rule 12(b), SCRCP; ☐ Rule 41(a), SCRCP (Vol. Nonsuit); ☐ Rule 43(k), SCRCP (Settled); ☐ Other

☐ **ACTION STRICKEN** (*CHECK REASON*): ☐ Rule 40(j), SCRCP; ☐ Bankruptcy; ☐ Binding arbitration, subject to right to restore to confirm, vacate or modify arbitration award; ☐ Other

☐ **STAYED DUE TO BANKRUPTCY**

☐ **DISPOSITION OF APPEAL TO THE CIRCUIT COURT** (*CHECK APPLICABLE BOX*):
☐ Affirmed; ☐ Reversed; ☐ Remanded; ☐ Other

NOTE: ATTORNEYS ARE RESPONSIBLE FOR NOTIFYING LOWER COURT, TRIBUNAL, OR ADMINISTRATIVE AGENCY OF THE CIRCUIT COURT RULING IN THIS APPEAL.

**IT IS ORDERED AND ADJUDGED**: See attached order (formal order to follow)xx ☐ Statement of Judgment by the Court:

**Order Information**

This order ☒ ends ☐ does not end the case.

Additional Information for the Clerk : ______________________________

| **Information for the Judgment Index**<br>**Complete this section below when the judgment affects title to real or personal property or if any amount should be enrolled. If there is no judgment information, indicate "N/A" in one of the boxes below.** | | |
|---|---|---|
| **Judgment in Favor of (List name(s) below)** | **Judgment Against (List name(s) below)** | **Judgment Amount To be Enrolled (List amount(s) below)** |
| **See Order** | **See Order** | See Order |
| | | $ |
| | | $ |
| If applicable, describe the property, including tax map information and address, referenced in the order: | | |

The judgment information above has been provided by the submitting party. Disputes concerning the amounts contained in this form may be addressed by way of motion pursuant to the SC Rules of Civil Procedure. Amounts to be computed such as interest or additional taxable costs not available at the time the form and final order are submitted to the judge may be



ELECTRONICALLY FILED - 2025 Nov 14 3:28 PM - AIKEN - COMMON PLEAS - CASE#2024CP0200667

ELECTRONICALLY FILED - 2025 Nov 14 3:28 PM - AIKEN - COMMON PLEAS - CASE#2024CP0200667

provided to the clerk. **Note: Title abstractors and researchers should refer to the official court order for judgment details.**
**E-Filing Note: In E-Filing counties, the Court will electronically sign this form using a separate electronic signature page.**

| | | |
|---|---|---|
| | 3076 | |
| **Master in Equity** | **Judge Code** | **Date** |

**For Clerk of Court Office Use Only**

This judgment was entered on the day of 2025 and a copy mailed first class or placed in the appropriate attorney's box on this day of , 2025 to attorneys of record or to parties (when appearing pro se) as follows:

| | |
|---|---|
| **ATTORNEY(S) FOR THE PLAINTIFF(S)** | **ATTORNEY(S) FOR THE DEFENDANT(S)** |
| | **CLERK OF COURT** |

**Court Reporter:**

**E-Filing Note: In E-Filing counties, the date of Entry of Judgment is the same date as reflected on the Electronic File Stamp and the clerk's entering of the date of judgment above is not required in those counties. The clerk will mail a copy of the judgement to parties who are not E-Filers or who are appearing pro se. See Rule 77(d), SCRCP.**

**ADDITIONAL INFORMATION REGARDING DECISION BY THE COURT AS REFERENCED ON PAGE 1**.

This action came to trial or hearing before the court. The issues have been tried or heard and a decision rendered.

Case 26-00077-ELG Doc 49-2 Filed 09/04/26 Page 22 of 23

ELECTRONICALLY FILED - 2025 Nov 14 3:28 PM - AIKEN - COMMON PLEAS - CASE#2024CP0200667

ELECTRONICALLY FILED - 2025 Nov 14 3:28 PM - AIKEN - COMMON PLEAS - CASE#2024CP0200667

Aiken Common Pleas

**Case Caption:** Fuse 10 Llc VS Turner Development Llc , defendant, et al

**Case Number:** 2024CP0200667

**Type:** Master/Order/Foreclosure & Sale and Form 4

AND IT IS SO ORDERED

s/M Anderson Griffith-3076