**LISA ALEXANDER**

874 Westmont Road SW
Atlanta, Georgia 30311

FILED
SEP 12 2026
Clerk, U.S. District and Bankruptcy Courts

CLERK
US DISTRICT & BANKRUPTCY COURTS FOR DC
2026 SEP 12 P 2: 12
RECEIVED

**September 5, 2026**

Clerk of Court
United States Bankruptcy Court for the District of Columbia
E. Barrett Prettyman U.S. Courthouse
333 Constitution Avenue, N.W., Room 1225
Washington, D.C. 20001

**Re: *Turner Development, LLC* — Case No. 26-00077-ELG**
**Submission of Creditor's Motion for Extension of Time and Notice of Intent to Pursue Determination of Non-Discharge ability**

Dear Clerk of Court,
Enclosed for filing in the above-captioned Chapter 11 proceeding, please find an original and one (1) copy of the following documents submitted by Creditor, Lisa Alexander:

1. **Motion for Extension of Time to File Papers and Notice of Intent to Pursue Determination of Non-Discharge ability of Debt for Fraud** (including completed Certificate of Service);
2. **Exhibit A:** Copy of the District of Columbia Superior Court Complaint and Certified Judgement Order dated February 18, 2026 (Reflecting base judgment of $225,000.00 plus 6% annual pre-judgement interest retroactive to January 2022), and a completed Proof of Claim Form 410.
3. **Exhibit B:** Creditor's Statement of Hardship detailing the context of fraud by Tracey Turner, alongside accompanying medical record verifications, and **Creditor's Motion to Seal Exhibit Containing Medical Records and Hardship Letter.**

Please file the original documents on the active court docket, unless otherwise stated.
Thank you for your timely assistance. If there are any filing questions or if further information is required, please contact me immediately.

Respectfully submitted,

**Lisa Alexander**
Creditor

RECEIVED
Mail Room
SEP 14 2026
Angela D. Caesar, Clerk of Court
U.S. Bankruptcy Court, District of Columbia

CLERK
US DISTRICT & BANKRUPTCY
COURTS FOR DC
2026 SEP 12 P 2: 13
RECEIVED

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **In re:**<br>**TURNER DEVELOPMENT, LLC,**<br>Debtor. | **Chapter 11** |
| **LISA ALEXANDER,**<br>Creditor. | **Case No. 26-00077-ELG** |

# MOTION FOR EXTENSION OF TIME TO FILE PAPERS AND NOTICE OF INTENT TO PURSUE DETERMINATION OF NON-DISCHARGEABILITY OF DEBT FOR FRAUD

Creditor Lisa Alexander, temporarily residing at 874 Westmont Road SW, Atlanta, Georgia 30311, is an interested party and creditor in the above-captioned Chapter 11 proceeding. Creditor respectfully moves this Honorable Court for an extension of time to file formal claims and pleadings, and respectfully represents as follows:

## I. BACKGROUND AND STANDING (EXHIBIT A)

1. The Debtor, Turner Development, LLC, filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on February 23, 2026.

2. Creditor Lisa Alexander holds a valid, liquidated, non-contingent, and final judgment order issued by the **Superior Court of the District of Columbia** against the Debtor, Turner Development, LLC and its principal, Tracey Duane Turner, on **February 18, 2026**, in the amount of **$225,000 principal plus 6% annual interest ($55,997.26) accruing since January 2022, totaling $280,997.26**. A true and correct copy of the original D.C. Court Complaint and the final Judgment Order is attached hereto as **Exhibit A**.

3. The underlying debt stems directly from formal judicial findings of **civil fraud** committed by the Debtor's principal. Pursuant to 11 U.S.C. § 523(a)(2), liabilities incurred via fraud, false pretenses, or willful misrepresentation are non-dischargeable and cannot be wiped out through a Chapter 11 reorganization. Creditor explicitly submits this filing to preserve the non-dischargeable status of this debt.

## II. GROUNDS FOR EXTENSION OF TIME AND MEDICAL HARDSHIP (EXHIBIT B)

4. Creditor respectfully requests that this Court grant a reasonable **45-day extension of time** to finalize comprehensive bankruptcy claims, schedules, and adversarial filings due to severe, documented medical hardship experienced during the time of these proceedings.

5. Creditor recently underwent multiple intensive, **traumatic surgical procedures** followed by **lengthy hospital stays** during the active administration windows of this bankruptcy docket. Attached hereto as **Exhibit B** are protected medical certification records validating these procedures.

6. Appended directly alongside Exhibit B is a personal **Hardship Letter** detailed by the Creditor, highlighting the profound cognitive and physical constraints that have blocked her from timely gathering corporate history documents or fully coordinating specialized bankruptcy counsel.

7. This motion is brought in absolute good faith. A brief 45-day enlargement of time will cause zero prejudice or delay to the administration of the estate, while denying it would unjustly deprive a fraud victim of due process.

**III. CONCLUSION AND PRAYER FOR RELIEF**

WHEREFORE, Creditor Lisa Alexander respectfully requests that this Honorable Court:

- **Grant a 45-day extension of time** for the Creditor to file formal proofs of claim, adversarial complaints, or corresponding objections;
- **Formally note and file** the non-dischargeable character of the $225,000 plus 6% annual since January 2022 civil fraud judgment order; and
- **Grant** all such other and further relief as this Court deems equitable, fair, and just.

Dated: September 5, 2026

Respectfully submitted,

**Lisa Alexander**
874 Westmont Road SW
Atlanta, Georgia 30311
(202)341-0035
Lisa17Alex@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on this **5th day of September, 2026**, a true and correct copy of the foregoing *Motion for Extension of Time to File Papers and Notice of Intent to Pursue Determination of Non-Dischargeability*, alongside notices for **Exhibit A** and **Exhibit B**, was served via First-Class U.S. Mail, postage prepaid, upon the following parties:

**Office of the United States Trustee**

Region 4 — Alexandria Division
1725 Duke Street, Suite 650
Alexandria, VA 22314
*(Attn: Kristen S. Eustis & Katharine Toledo)*

**Counsel for the Debtor:**

Hirschler Fleischer, P.C.
Attn: Kristen E. Burgers
1676 International Drive, Suite 1350
Tysons, Virginia 22102-4940
*(Bankruptcy Counsel for Turner Development, LLC)*

**Lisa Alexander**

CLERK
US DISTRICT & BANKRUPTCY
COURTS FOR DC
2026 SEP 12 P 2: 18
RECEIVED

CLERK
US DISTRICT & BANKRUPTCY
COURTS FOR DC
2026 SEP 12 P 2:13
RECEIVED

EXHIBIT A-1:

DC SUPERIOR COURT COMPLAINT and JUDGEMENT AWARD

PROOF of CLAIM FORM (410) and JUDGEMENT CALCULATION

CASE NAME: In re: Turner Development, LLC

CASE NUMBER: No. 26-00077-ELG

FILED BY: Lisa Alexander, Creditor

Superior Court of the District of Columbia
Civil Division - Civil Actions Branch
500 Indiana Ave NW, Room 5000, Washington DC 20001
202-879-1133 | www.dccourts.gov

First Class Mail
U. S. Postage Paid
Washington, D.C.
Permit No. 1726

CLERK
US DISTRICT & BANKRUPTCY
COURTS FOR DC

2026 SEP 12 P 2:13

RECEIVED

Franz C Jobson
1560 SAWGRASS CORPORATE PARKWAY
4TH FL
FORT LAUDERDALE FL 33323

**Case Style:** ALEXANDER, LISA Vs. TURNER DEVELOPMENT, LLC AND TDL et al

**To:** Franz C Jobson **Case Number:** 2022-CA-003968-B

**JUDGMENT**

This action came before this Court for before Associate Judge Robert D Okun. With proof being duly presented and the judge having rendered a decision it is on this the 18th day of February, 2026,

**ORDERED** that CONSENT judgment is entered in favor of Lisa Alexander and against Turner Development, LLC and Tracey Turner jointly and severally in the amount of $225,000.00 plus 6% annual pre-judgment interest retroactive to January 2022. The Plaintiff will not be able to collect on the judgment for a period of 6 months following the entry of this judgment.

A TRUE COPY
TEST: 9/10/26
Clerk, Superior Court of the District of Columbia
By ~~Deputy Clerk~~ Deputy Clerk

**Clerk of the Superior Court**

**Seeking Review or Appeal**

If a Magistrate Judge decides your matter, you have fourteen calendar days from the date that the judgment is entered to file a Motion for Judicial Review in your case. A party may not submit any new evidence with a Motion for Judicial Review. The Motion for Judicial Review of the Magistrate Judge's decision will be reviewed by an Associate Judge.

If an Associate Judge decides your matter or Motion for Judicial Review, you have thirty days from the date that the judgment or order is entered to file a Notice of Appeal with the Clerk of Superior Court's Office who will transmit the Notice

## Accessibility and Language Access Information for Superior Court

**Persons with Disabilities:**

If you have a disability as defined by the American Disabilities Act (ADA) and you require an accommodation, please call (202) 879-1700 or email ADACoordinator@dcsc.gov. The D.C. Courts does not provide transportation service.

**Interpreting and Translation Services:**

The D.C. Courts offers free language access services to people having business with the court who are deaf or who are non-English speakers. Parties to a case may request free translations of court orders and other court documents. To ask for an interpreter or translation, please contact the Clerk's Office at the telephone number at the top of the first page of this notice. For more information, visit https://www.dccourts.gov/language-access.

Language access is important to the D.C. Courts. You can provide feedback on language services by visiting https://www.dccourts.gov/services/information-and-resources/interpreting-services#language-access.

**Servicios de interpretación y traducción:**

Los Tribunales del Distrito de Columbia ofrecen servicios gratuitos de acceso al idioma a las personas sordas o que no hablan inglés que tienen asuntos que atender en el tribunal. Las partes de un caso pueden solicitar traducciones gratuitas de las órdenes judiciales y otros documentos del tribunal. Para solicitar un intérprete o una traducción, póngase en contacto con la Secretaría en el número de teléfono que figura en la parte superior de la primera página de este anuncio. Para más información, visite https://www.dccourts.gov/language-access.

El acceso al idioma es importante para los Tribunales del Distrito de Columbia. Puede dar su opinión sobre los servicios de idiomas visitando https://www.dccourts.gov/services/information-and-resources/interpreting-services#language-access.

**የቃልና የጽሑፍ ትርጓሜ አገልግሎቶች፡**

የዲ.ሲ ፍርድ ቤቶች መስማት ለተሳናቸውና የእንግሊዝኛ ቋንቋ ተናጋሪ ላልሆኑ በፍርድ ቤቱ ጉዳይ ላላቸው ሰዎች ነጻ የቋንቋ ተደራሽነት አገልግሎቶች ያቀርባል። ተከራካሪ ወገኖች የፍርድ ቤት ትእዛዞችና ሌሎች የፍርድ ቤት ሰነዶች በነጻ እንዲተረጎምላቸው መጠየቅ ይችላሉ። አስተርጓሚ ወይም የጽሑፍ ትርጉም ለመጠየቅ፣ እባክዎን በዚህ ደብዳቤ የመጀመሪያ ገጽ አናት ላይ በተቀመጠው ስልክ ቁጥር የፍርድ ቤቱን መዝገብ ቤት ቢሮን ያናጋግሩ። ለበለጠ መረጃ https://www.dccourts.gov/language-access ላይ ይጎብኙ።

የቋንቋ ተደራሽነት ለዲ.ሲ. ፍርድ ቤቶች አስፈላጊ ነው። የቋንቋ አገልግሎቶች በተመለከተ አስተያየትዎን https://www.dccourts.gov/services/information-and-resources/interpreting-services#language-access በመጎብኘት መስጠት ይችላሉ።

Filed
D.C. Superior Court
09/01/2022 15:07PM
Clerk of the Court

CLERK
US DISTRICT & BANKRUPTCY
COURTS FOR DC
2026 SEP 12 P 2: 14
RECEIVED

IN THE SUPERIOR COURT DISTRICT OF COLUMBIA
- Civil Division -

LISA ALEXANDER,
124 Seaton Place, NW
Washington DC 20001
Plaintiff,

v. CASE NO.:

TURNER DEVELOPMENT,
LLC, TDL and TRACEY
TURNER, individually,
2901 N. Capitol St., NE,
Washington, DC 20002.
Defendants.
_________________/

**COMPLAINT**

COMES NOW, the Plaintiff, Lisa Alexander ("Alexander" or "Plaintiff") and complaining of the Defendants Turner Development, LLC and TDL ("Contractor") and Tracey D. Turner ("Turner") (collectively "Defendants") and states as follows:

PARTIES

1. Plaintiff is a natural person, who is over the age of eighteen (18) years old, is of sound mind and competency, and is the owner of real property located at 124 Seaton Pl., NW, Washington, DC 20001 (the "Property").
2. Contractor is a limited liability company, duly registered with the District of Columbia, Department of State, Division of Corporations and with a principal address located at 2901 N. Capitol St., NE, Washington, DC 20002.
3. Turner is a natural person, who upon information and belief is a resident of the District of Columbia.

JURISDICTION & VENUE

4. The Superior Court has jurisdiction over this cause pursuant to D.C. Code § 11-921.

5. The Court has personal jurisdiction over Defendants because they are residents; registered business entities; and have regardless breached contractual provisions and committed fraud in this District and causing injury in this District.

6. Venue is proper in the District of Columbia because the Property is located in the District of Columbia and all facts material hereto occurred within the same geographical parameters.

GENERAL ALLEGATIONS

7. On or about June of 2019 Plaintiff met with Turner regarding a renovation of the Property.

8. In March of 2020, Turner appeared personally at the Property to take measurements, execute a contract, and provide a project plan and cost sheet with projected costs.

9. On or about the June 2, 2020, Contractor and Plaintiff each executed a contract, regarding construction and renovation of the Property. [Exhibit A].

10. During these initial communications, Turner represented that he had the necessary training, education, skill, and time to complete the renovations on the Property.

11. On May 30, 2020, Plaintiff moved completely out of the Property, in anticipation of the construction and renovation by Turner and Contractor.

12. On May 4, 2020, Plaintiff gave Turner a twenty-five-thousand-dollar ($25,000.00) cash payment.

13. On the same date, May 4, 2020, Plaintiff wired one hundred thousand dollars ($100,000.00) to Turner.

14. By the end of June of 2020, demolition work was completed at the Property.

15. In July and August of 2020, Turner and Contractor were unavailable, and did not respond to any communication from Plaintiff.

16. In September of 2020, Contractor submitted an incomplete architectural plan to the DCRA for permit approval.
17. In October and November of 2020, Plaintiff once again could not reach Contractor or Turner, and numerous calls, text messages, and email communications were left without response from the Defendants.
18. In December of 2020, a stop work order was placed on the Property for performing work in noncompliance with permitting and DCRA requirements.
19. Shortly thereafter, Defendants reappeared, and filed updated, although incomplete, DCRA documents.
20. In April of 2021, Turner demanded more funds to resume and "complete the project".
21. On April 10, 2021, Plaintiff gave Turner twenty thousand dollars ($20,000.00) in cash, and wired eighty thousand dollars ($80,000.00), in addition to the aforementioned cash payment.
22. In June of 2021, the DCRA suspended the permit submitted originally in September of 2020, and updated in or about December of 2020 due to inactivity.
23. In October of 2021, Turner conducted a walk-thru of the property, with his project manager. Discussion included refreshing the project document package and providing funding to cover the floors, doors, and windows. He represented that he would complete the renovations by the end of February 2022. Turner was insistent that he did not want to enter litigation, and that he would "make this right."
24. During November and December 2021, Turner again did not respond to any follow-up communication. Numerous calls, text messages, and email communications were left without response from the Defendants. Thereafter, Turner failed to comply with his

promises and the house remained a vacant shell, which had been demolished prior and left uninhabitable. DCRA and the Plaintiff's mortgage company both now deem the property as "Abandoned and Vacant."

25. In March of 2022, a month after the promised deadline was missed, Turner again represented that he would complete the property renovation. A meeting was held at the property where Turner signed and dated an Acknowledgement and Status Agreement to provide to the Plaintiff an additional Two Hundred Twenty-Five Thousand dollars ($225,000.00) to cover the expense of windows, doors and floors and meet the unrecoverable living expenses and costs experienced by the Plaintiff for the extensive schedule lag.

26. On March 25, 2022, Turner's attorney forwarded a Settlement and Release Agreement to the Plaintiff for a total amount of Four Hundred Fifty Thousand dollars ($450,000). Since that time, the Homeowner responded in writing to Turner's attorney. Thereafter, Turner has not returned any further communication to the Plaintiff regarding the Settlement and Release Agreement, or any other relevant issues.

27. On approximately May 18, 2022, requests were made to Turner to provide a copy of the CAD (architectural) mechanical drawings for new permit submissions. Turner no longer responded to any further communication from the Plaintiff regarding multiply requests for a Settlement, project documents or any other relevant issues.

28. On June 23, 2022, The Plaintiff coincidentally happen to see and speak with Turner. Turner jovially asked the Plaintiff how everything was going and dismissed the conversation with smiles and laughs and stated that the Plaintiff "wanted too much money." Turner first

insisted the Settlement was already taken care of, then reverted to it "would be taken care of in a few days."

29. As of the date of filing this Complaint, the property remains demolished, unlivable, and Defendants have wholly failed to complete renovations to the Property, notwithstanding the fact that they have accepted payment in the amount of two hundred, twenty-five thousand dollars ($225,000.00).

30. In addition to the out-of-pocket payments, Plaintiff has also suffered additional damages, as a direct and proximate result of the Defendants actions, including

a. Emotional stress, resulting in physical manifestation of symptoms, surgeries, hospitalizations; and

b. Staggering costs and increased rate of inflation for contract labor, building materials, textiles, and appliances in comparison of March 2020 versus March 2022; and

c. Costs of alternative housing and living expenses for more than two (2) years, while the "renovations" were ongoing; and

d. Costs of storage fees or more than two (2) years of all household furniture and personal belongings, which were exacerbated by the inability to reside in the Property; and

e. Increases to property taxes connected to the Property, as the City deemed the Property "vacant" resulting in an increase in property taxes from $3,800 to $21,000 semi-annual; and

f. Loss of conventional insurance, and a requirement of a Builder's Risk policy, at a three hundred percent (300%) increase, as a direct result of the Defendants actions.

COUNT I: BREACH OF CONTRACT
(Plaintiff v. Contractor)

31. Plaintiff reasserts and incorporates by reference paragraphs '1' through '30' as if fully set forth herein.

32. In or about June 2, 2020, Plaintiff and Contractor executed a written contract along with extensive project documents. [Exhibit A].

33. Pursuant to the Contract, Contractor agreed to perform renovations to the Property and Plaintiff agreed to pay for the same.

34. Plaintiff fully performed under the contract and has remitted payments due and owing.

35. Notwithstanding the Plaintiff's full compliance, Contractor has persisted in refusing to comply with its contractual obligations to complete renovations on the Property in accordance with the contract.

36. All conditions precedent to the bringing of this action have been met or have been waived.

37. Plaintiff has been injured as a result of Contractor's material breach.

WHEREFORE Plaintiff demands judgment and damages, including expectation damages, incidental damages, consequential damages, and any other foreseeable damages flowing from the material breach indicated herein.

COUNT II: CONVERSION
(Plaintiff v. Defendants)

38. Plaintiff reasserts and incorporates by reference paragraphs '1' through '30' as if fully set forth herein.

39. In or about May of 2020, Defendants accepted funds in the amount of one hundred, twenty-five thousand dollars ($125,000.00) from Plaintiff.

40. The funds were earmarked and specifically determined to be for renovation to the Property under the parties' contract.

41. Thereafter, in or about April of 2021, Defendants accepted funds in the amount of one hundred thousand dollars ($100,000.00) from Plaintiff.

42. The funds were earmarked and specifically determined to be for renovation to the Property under the party's contract.

43. In total, Plaintiff gave to Defendants two hundred, twenty-five thousand dollars ($225,000.00) between May of 2020, and April of 2021.

44. Defendants accepted these funds with fully knowledge of the purpose for which they were to be used by Defendants.

45. Notwithstanding this knowledge, Defendants used the funds for their own selfish purpose, and admitted using the funds for purposes outside of the scope of the contract to renovate the Property.

46. In fact, Defendants have admitted to using at least some of the funds to fund other (current) personal real estate projects or ventures.

47. Plaintiff has demanded the return of the funds paid, but Defendants have refused to return the same.

48. The misuse of the funds constitutes a conversion.

WHEREFORE Plaintiffs demand judgment and any and all damages available under applicable law.

<u>COUNT III: FRAUD</u>
(Plaintiff v. Turner)

49. Plaintiff reasserts and incorporates by reference paragraphs '1' through '30' as if fully set forth herein.

50. Turner, individually, made numerous representations to Plaintiff between March of 2020, and March of 2022.

51. These representations include:

   a. Oral representations by Turner to Plaintiff, in March of 2020, indicating that Turner had adequate skill, knowledge, and time to complete renovations on the Property; and

   b. Oral representations by Turner to Plaintiff in April of 2020, regarding what one hundred twenty-five thousand dollars ($125,000.00) would be utilized to pay for; and

   c. Oral representations by Turner to Plaintiff in June, July, and September of 2020 regarding the status and efficacy of permit applications and related documents: and

   d. Oral representations by Turner to Plaintiff in April of 2021, regarding the need for a projected use of an additional one hundred thousand dollars ($100,000) furnished by Plaintiff to Turner in connection to their contract; and

   e. Oral representations by Turner to Plaintiff in October of 2021 regarding "getting the project back on track" and actions that Turner would take in order to complete the project on the Property; and

   f. Oral representations in March of 2022, by Turner to Plaintiff regarding his intention to complete the project on the Property; and

52. At the time that these representations were made, Turner knew that they were false, and that he had no intention to utilize Plaintiff's funds to complete her Property; to complete work on the Property; or to comply with the contract he made with Plaintiff.

53. These statements and representations were made with intent that Plaintiff rely upon them, and refrain from acting against Turner, and/or to induce money to be paid by Plaintiff to Turner.

54. Plaintiff justifiably relied on Turner's statements under the circumstances.

55. As a direct and proximate result, Plaintiff has been injured.

WHEREFORE Plaintiff demands judgment and any and all damages available under applicable law.

COUNT IV: PROFESSIONAL NEGLIGENCE
(Plaintiff v. Contractor)

56. Plaintiff reasserts and incorporates by reference paragraphs '1' through '30' as if fully stated herein.

57. Contractor is a licensed contractor, acting under contractor license 410519000013.

58. Plaintiff hired Contractor to complete renovations on the Property, with the expectation that Contractor would use the skill and professional judgment acceptable in the community.

59. Thereafter, Contractor completed demolition work by fully gutting the Property.

60. Contractor also submitted or caused to be submitted numerous permit applications, or modifications, with no approval success.

61. Between March of 2020, and March of 2022, Contractor could not comply with applicable building codes, ordinances, and laws in order to get a permit for work that had already been started through demolition.

62. Contractor also permitted the permit applied for to fall into inactive status on numerous occasions based on his own inaction and failure to timely and adequately make modifications to plans per the comments of DCRA

63. Contractor had a duty to Plaintiff to act with the degree of care of similarly situated professionals in the geographic area.

64. Contractor breached this duty by:

   a. Failing to conduct renovation work in a reasonable manner; and

   b. Failing to apply for permits in a diligent and reasonable manner; and

   c. Failing to obtain permits for work expected to be performed in a reasonable manner; and

   d. Failing to act with diligence in completing the project; and

   e. Beginning the project before obtaining permits, required for work.

65. Plaintiff has been damaged as a result of the Contractor's negligence.

WHEREFORE Plaintiff demands judgment and any damages available under applicable law.

## JURY DEMAND

Plaintiff demands a trial by jury as to any issue alleged by which jury trial is permitted.

Submitted this 25nd day of July 2022.

Respectfully submitted,

**FRANZ C. JOBSON, P.A.**

By:*/s/ Franz C. Jobson*

Franz C. Jobson, Esq.
*Attorney for Plaintiff*
DC Bar Number: 454621

1560 Sawgrass Corporate Parkway
4th Floor
Fort Lauderdale, FL 33323
Telephone: (954) 594.6008

E-Mail: info@jobsonlaw.com
Secondary E-Mail: eservice@jobsonlaw.com

**VERIFICATION OF LISA ALEXANDER**

Under penalty of perjury, I, LISA ALEXANDER, declare I have read the foregoing Verified Complaint and the facts alleged therein are true and correct.

LISA ALEXANDER

**State of** Washington, DC
**County of** Washington, DC

The foregoing instrument was sworn to or affirmed and subscribed before me this the 1 day of August, 2022, by LISA ALEXANDER, who is personally known to me [ ] or has produced DC Driver's License as identification [ ].

Print Name: Sean Headley
Notary Public, State of Washington, DC
My Commission Expires: 09/14/2022

SEAN HEADLEY NOTARY PUBLIC DISTRICT OF COLUMBIA