**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 26-00077-ELG |
| TURNER DEVELOPMENT, LLC, | ) | |
| | ) | (Chapter 11) |
| Debtor. | ) | |

**DEBTOR'S AMENDED APPLICATION TO EMPLOY**
**COLDWELL BANKER COMMERCIAL REALTY TO**
**PROVIDE COMMERCIAL REAL ESTATE BROKERAGE SERVICES**

Turner Development, LLC, the debtor and debtor-in-possession herein (collectively, the "**Debtor**"), respectfully submits this amended application (the "**Application**"), pursuant to 11 U.S.C. §§ 327 and 328 and Fed. R. Bankr. P. 2014, for entry of an order authorizing the employment of Coldwell Banker Commercial Realty ("**Coldwell Banker**") to provide commercial real estate brokerage services in connection with the marketing of the Debtor's real property located at 1001 Old Aiken Road, North Augusta, South Carolina (as more fully described below) in connection with the proposed auction sale of such property. This Application is supported by the Verified Statement of Patrick Register (the "**Register Declaration**") filed concurrently herewith and incorporated herein by reference. In further support of this Application, the Debtor respectfully states as follows:

**Jurisdiction**

1. The Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b).

Stephen E. Leach (DC Bar No. 925735)
Kristen E. Burgers (DC Bar No. 500674)
HIRSCHLER FLEISCHER, PC
1676 International Drive, Suite 1350
Tysons, Virginia 22102
Telephone: (703) 584-8900
Facsimile: (703) 584-8901
Email: sleach@hirschlerlaw.com
kburgers@hirschlerlaw.com

*Counsel to the Debtor*

2. The relief sought in this Application is based upon section 327(a) of title 11 of the United States Code (the "**Bankruptcy Code**").

**Background**

3. On February 23, 2026 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code initiating this chapter 11 case (the "**Chapter 11 Case**"). The Debtor continues to manage its property and financial affairs as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner, and no official committee of creditors has been appointed in this Chapter 11 Case.

4. The Debtor is a construction company and owner of multiple parcels of real property located in South Carolina. Of the real property owned by the Debtor, the most valuable is two parcels consisting of approximately 185 acres located at 1001 Old Aiken Road, North Augusta, South Carolina 29841 (Tax Parcel No. 013-12-01-001 consisting of approximately 173.5 acres zoned for residential use and Tax Parcel No. 013-12-01-002 consisting of approximately 11 acres zoned for commercial use), which has received the requisite approvals for the construction of a Traditional Neighborhood Development named Weeping Willows (the "**Weeping Willows Development**"). The Weeping Willows Development's plan contains 342 single-family homes, 107 townhomes, 150 apartments, a mixed-use Town Center, a trail, and sidewalks. The Weeping Willows Development has an appraised value of $9,100,000.00.

5. The primary secured creditor for the Weeping Willows Development is Fuse 10, LLC ("**Fuse 10**"). On March 15, 2024, Fuse 10 initiated proceedings to foreclose on the Weeping Willows Development.

6. On September 1, 2026, the Debtor filed its *Motion (I) for Entry of an Order (1) Approving Bid Procedures for the Sale of Real Property, (2) Approving the Stalking Horse Asset Purchase Agreement and Bid Protections, (3) Scheduling an Auction and Sale Hearing, (4) Authorizing the Debtor to Enter into the Stalking Horse Asset Purchase Agreement, and (5) Approving the Form and Manner of Notice and (B) An Order Authorizing the Sale of Real Property Free and Clear of Liens, Claims, and Encumbrances; and (III) Granting Related Relief* [Docket No. 43] (the "**Original Sale Motion**"), whereby the Debtor sought approval of a sale process for the Weeping Willows Development which included a stalking horse bid from Fuse 10 and related protections.

7. Contemporaneously with the filing of this Application, the Debtor intends to file an amended sale motion (the "**Amended Sale Motion**"), which will provide for an auction sale of the Weeping Willows Development on an expedited timeline with no stalking horse bidder. The Debtor seeks to employ Coldwell Banker to market and solicit bids for the auction sale. The Debtor submits that Coldwell Banker's retention is critical to the overall success of the planned auction sale.

**Retention of Broker**

8. The Debtor seeks to employ Coldwell Banker as its real estate broker, on an exclusive basis, to market and solicit bids for the auction sale of the Weeping Willows Development, pursuant to the Exclusive Right to Sell Listing Agreement (the "**Listing Agreement**"), attached hereto as Exhibit A.

9. The Listing Agreement is Coldwell Banker's standard form agreement, with a bankruptcy addendum. Coldwell Banker does not have a specialized form of listing agreement for bankruptcy, distressed asset, or auction sales. The listing price as identified on the Listing

Agreement is $10 million, which far exceeds the anticipated outcome of the sale and auction process. In distressed asset sales, Coldwell Banker's usual practice is to identify a high listing amount (rather than using a "to be determined" placeholder) so that the Seller has the discretion to accept or reject any offer submitted for the purchase of the listed property.

10. The Debtor believes that the employment of Coldwell Banker is in the best interests of the Debtor and its creditors. Coldwell Banker has stated its desire and willingness to act in this Chapter 11 Case and to render the necessary professional services to the Debtor with respect to the Weeping Willows Development. Coldwell Banker has experience in marketing development projects similar to the Weeping Willows Development in the State of South Carolina and thus will be able to maximize the potential value of the Weeping Willows Development. Additional information about the Coldwell Banker listing team, representative sales, and a case study are attached hereto as Exhibit B.

11. Filed as Exhibit C to this Application is the Register Declaration, detailing any presently known connections of Coldwell Banker to the Debtor, creditors, and other parties in this case. Based upon the Register Declaration, the Debtor believes that the employment of Coldwell Banker under section 327(a) of the Bankruptcy Code and Fed. R. Bankr. Proc. 2014 is proper, appropriate, and in the best interests of the Debtor's estate.

## Compensation

12. The Debtor has agreed to compensate Coldwell Banker for its services on a percentage basis in accordance with Coldwell Banker's ordinary and customary rates for services of this type.

13. As set forth in the Listing Agreement, the Debtor has agreed to pay to Coldwell Banker a commission (the "**Commission**") of six percent (6%) of the sale price, unless the

Property sells on a credit bid, in which case Coldwell Banker will receive a flat fee of $100,000 on the credit bid portion of the sale.

14. Coldwell Banker's usual commission structure for a distressed asset sale of this size is 10%. The agreed-upon Commission and flat-fee payment structure (the "**Payment Structure**") represents a significant discount from Coldwell Banker's usual and customary rates. The Debtor believes the Payment Structure for the sale of the Weeping Willows Development to be fair and reasonable given Coldwell Banker's extensive experience, sale network, and personalized direct contact marketing approach for the proposed sale process. Additionally, because of the expedited sale process, Coldwell Banker will be required to expend additional resources in the fourth quarter of 2026, a typically very busy time of the year, in order to meet the sale process milestones.

15. Coldwell Banker will be paid from the proceeds of the sale of the Weeping Willows Development, after the sale is approved by the Court, and at the time the sale closes. If the sale does not generate sufficient net cash proceeds to pay the Commission after all taxes and other costs of sale, then Coldwell Banker shall be entitled to an administrative expense claim in the amount of the unpaid Commission.

16. Coldwell Banker has not received a retainer with respect to its representation of the Debtor.

17. All fees of Coldwell Banker in this Chapter 11 Case will be subject to allowance by the Court and will be paid only after approval by the Court.

**Bankruptcy Employment Standards**

18. Except as set forth in the Register Declaration, to the best of the Debtor's knowledge, information, and belief, Coldwell Banker (a) does not have any connections with the

Debtor, its creditors, the United States Trustee, any person employed in the Office of the United States Trustee, or any other party in interest, or their respective attorneys, and (b) does not hold or represent any interest adverse to the bankruptcy estate.

19. It is the Debtor's assessment and belief that Coldwell Banker is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code.

20. To the best of the Debtor's knowledge and belief, Coldwell Banker is eligible to be employed by the Debtor as a commercial real estate broker in this case under section 327(a) of the Bankruptcy Code and Fed. R. Bankr. Proc. 2014, and such employment is not prohibited under Fed. R. Bankr. Proc. 5002.

21. WHEREFORE, the Debtor respectfully requests that the Court enter an order (a) authorizing it to employ Coldwell Banker upon the terms outlined in this Application, the Listing Agreement, and the Register Declaration, and (b) granting the Debtor such other and further relief as may be just and appropriate.

Dated: September 24, 2026

Respectfully submitted,

*/s/ Kristen E. Burgers*

Stephen E. Leach (DC Bar No. 925735)
Kristen E. Burgers (DC Bar No. 500674)
HIRSCHLER FLEISCHER, PC
1676 International Drive, Suite 1350
Tysons, Virginia 22102
Phone: (703) 584-8900
Facsimile: (703) 584-8901
Email: sleach@hirschlerlaw.com
kburgers@hirschlerlaw.com

*Counsel to the Debtor*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of September, 2026, the foregoing Amended Application to Employ Coldwell Banker Commercial realty Services as Commercial Real Estate Broker was served by this Court's CM/ECF electronic case management system on all parties entitled to receive notice thereby.

*/s/ Kristen E. Burgers*
Kristen E. Burgers