**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| TURNER DEVELOPMENT, LLC, | ) | Case No.26-00077-ELG |
| | ) | |
| Debtor. | ) | |
| | ) | |

**DEBTOR'S AMENDED MOTION (I) FOR ENTRY OF (A) AN ORDER (1) APPROVING BID PROCEDURES FOR THE SALE OF REAL PROPERTY, (2) SCHEDULING AN AUCTION AND SALE HEARING, (3) APPROVING THE FORM AND MANNER OF NOTICE, AND (4) APPROVING THE FORM OF PURCHASE AND SALE AGREEMENT AND (B) AN ORDER AUTHORIZING THE SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES; AND (II) GRANTING RELATED RELIEF**

Through this amended motion (the "**Amended Motion**"), Turner Development, LLC, the debtor and debtor in possession (the "**Debtor**"), seeks relief pursuant to sections 105(a), 363(b), 363(f), 363(k), 363(m), and 1107(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2002 and 6004, of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Local Bankruptcy Rule 6004-1 (the "**Local Rules**"), including (i) entry of: (a) an order, substantially in the form attached hereto as Exhibit A (the "**Bid Procedures Order**"), (1) approving the notice of bid procedures attached thereto as Attachment 1 (the "**Bid Procedures**"), (2) approving the form of Purchase and Sale Agreement attached hereto as Exhibit B (the "**PSA**"), for the sale of the Property (as defined herein), (3) scheduling an auction and a hearing to consider approval of the sale; and (b) following completion of the Court-approved sale process, an order substantially in the form attached hereto as Exhibit C (the "**Sale Order**"), authorizing and approving the sale to the Successful Bidder or Back-Up Bidder (as defined below) free and clear of liens, claims, interests, and encumbrances pursuant to section 363(f) of

the Bankruptcy Code; and (ii) granting related relief. In support of the Amended Motion, the Debtor respectfully states as follows:

**Preliminary Statement**

1. The Debtor commenced this chapter 11 case to preserve and maximize the value of its principal asset, certain real property located in Aiken County, South Carolina commonly known as "Weeping Willows" (the "**Property**"). After considering available restructuring alternatives, the Debtor determined, in the exercise of its business judgment, that a sale of the Property pursuant to section 363 of the Bankruptcy Code provides the best opportunity to maximize value for the benefit of the estate.

2. Through this Amended Motion, the Debtor seeks approval of proposed Bid Procedures and PSA and related relief necessary to conduct a fair, competitive, and Court-supervised sale process, after which the Debtor will seek approval of the highest or otherwise best transaction.

**Jurisdiction, Venue, and Statutory Predicates**

3. This Court has jurisdiction over this chapter 11 case and this Amended Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), including, without limitation, subsections (A), (M), (N), and (O).

4. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The statutory predicates for the relief requested herein are sections 105(a), 363(b), 363(f), 363(k), and 363(m) of the Bankruptcy Code. The procedural predicates are Bankruptcy Rules 2002 and 6004 and Local Rule 6004-1.

6. The Debtor continues to operate its business and manage its property as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner,

or statutory committee has been appointed in this chapter 11 case; however, Fuse has filed a Motion to Appoint a Trustee [Docket No. 32].

## **Factual Background**

7. On February 23, 2026 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code initiating this chapter 11 case.

A. The Property

8. The Debtor is a construction company and owner of multiple parcels of real property located in South Carolina. Of the real property owned by the Debtor, the most valuable are two parcels located at 1001 Old Aiken Road, North Augusta, South Carolina 29841 (Tax Parcel No. 013-12-01-001, consisting of approximately 173.5 acres (the "**Residential Parcel**") and Tax Parcel No. 013-12-01-002, consisting of approximately 11.0 acres (the "**Commercial Parcel**" and, together with the Residential Parcel, the "**Real Property**"). The Property has received the requisite approvals for the construction of a Traditional Neighborhood Development named Weeping Willows, the plan for which contains 342 single-family homes, 107 townhomes, 150 apartments, a mixed-use Town Center, a trail, and sidewalks. In a report dated April 28, 2024, Valbridge Property Advisors appraised the Residential Parcel with an "as is" market value of $9,100,000.00.[1]

9. The Debtor shall also assign to the purchaser at closing, without warranty or representation of any kind, all of the Debtor's right, title, and interest, if any, to all studies, tests, third-party reports, plans, drawings, surveys, agreements, permits and other documents with respect to the Real Property (the "**Personal Property**" and together with the Real Property, the "**Property**").

**B. The Relationship with Fuse, the Loan, and Foreclosure Action**

[1] Fuse disputes the valuation of the Valbridge Property Advisors' appraisal.

10. On February 12, 2021, the Debtor and Fuse entered into a Loan Agreement (as the same was subsequently amended, supplemented, or otherwise modified, the "**Loan Agreement**"), whereby Fuse agreed to extend credit (the "**Loan**") to the Debtor.

11. In connection with the Loan, the Debtor executed and delivered to Fuse a Promissory Note, dated February 12, 2021, in the original principal amount of $1,000,000.00 (the "**First Note**"). Thereafter, on May 20, 2022, the Debtor executed and delivered to Fuse an Amended, Restated, and Increased Promissory Note in the principal amount of $1,176,418.00 (the "**Second Note**" and, together with the First Note, the "**Note**"). The Note is secured by: (a) that certain Mortgage, Security Agreement, and Financing Statement, dated February 12, 2021, and recorded on February 22, 2021, in Book 4909 at Page 206 of the records maintained by the Register of Mesne Conveyance for Aiken County, South Carolina (the "**February 2021 Mortgage**"); and (b) that certain Mortgage, Security Agreement, and Financing Statement, dated March 12, 2021, and recorded on March 18, 2021, in Book 4915 at Page 406 of the records maintained by the Register of Mesne Conveyance for Aiken County, South Carolina (the "**March 2021 Mortgage**" and, together with the February 2021 Mortgage, the "**Mortgages**"). The Loan Agreement, Note, Mortgages, and all other documents evidencing the Loan are hereinafter referred to as the "**Loan Documents**."

12. The Debtor defaulted under the Loan Documents. Thereafter, Fuse commenced an action to foreclose its mortgage liens in the Court of Common Pleas for Aiken County, South Carolina, Case No. 2024-CP-02-00667 (the "**Foreclosure Action**"). On November 14, 2025, the Master in Equity entered a Judgment of Foreclosure and Sale (the "**Judgment**"). Among other things, the Judgment adjudicated Fuse's mortgage lien against the Property to be a valid first-

priority lien, subject only to ad valorem real property taxes and any liens entitled to statutory priority.

13. W. Melissa Oden and James H.R. Oden, Sr., as Trustees, or their successors in trust, of the W. Melissa Oden Revocable Trust (collectively, "**Oden**"), assert a lien against certain of the Property pursuant to the Judgment entered in the Foreclosure Action. The Debtor disputes the extent to which Oden's asserted lien attaches to the Property and has appealed that aspect of the Judgment. The Debtor provides this disclosure solely for purposes of notice and does not seek through this Amended Motion or the Bid Procedures Order any determination regarding the validity, priority, or extent of Oden's asserted lien. Any such issues are expressly reserved for determination in connection with the Sale Hearing or otherwise as may be appropriate. At the request of Fuse, the Debtor has agreed not to object to or seek a determination of the validity, priority, or amount of any claim or to file a Chapter 11 Plan prior to the conclusion of the sale process.

14. The Master in Equity scheduled the foreclosure sale of the Property for March 2, 2026. On February 23, 2026, before the foreclosure sale could occur, the Debtor commenced this chapter 11 case, and the automatic stay imposed by section 362(a) of the Bankruptcy Code prevented the foreclosure sale from proceeding.

15. Fuse asserts that the balance due to Fuse by the Debtor under the Loan Documents as of August 26, 2026 was $1,967,989.37, with interest thereafter accruing at the contractual rate of $655.87 per day, together with all subsequently accruing interest, protective advances, attorneys' fees, costs, expenses, and other amounts recoverable under the Loan Documents, and applicable

law (as adjusted from time to time, the "**Claim Amount**")[2]. The Claim Amount is calculated as follows:

| Category | Amount |
|---|---|
| Judgment amount as of October 21, 2025 | $1,496,198.45 |
| Post-judgment interest, October 22, 2025 through August 26, 2026 | $202,663.15 |
| Insurance and real estate-tax advances by Fuse | $26,748.32 |
| Publication of sale | $5,646.87 |
| Legal fees incurred in connection with the Foreclosure Action prior to the Foreclosure Auction Date | $133,964.15 |
| Legal fees incurred after the scheduled Foreclosure Auction Date | $7,768.43 |
| Bankruptcy-related legal fees estimated through Closing | $95,000.00 |
| **Total due as of August 26, 2026** | **$1,967,989.37** |

### C. The Proposed Sale Transaction

16. After considering various restructuring alternatives, the Debtor determined, in the sound exercise of its business judgment, that a sale of the Property pursuant to section 363 of the Bankruptcy Code represents the best available means of maximizing the value of the Property for the benefit of the Debtor's estate and its creditors. To that end, on June 23, 2026, the Debtor filed its Application to Employ Coldwell Banker Commercial Realty to Provide Commercial Real Estate Brokerage Services [Docket No. 26], which was amended by the Amended Application to Employ Coldwell Banker Commercial Realty to Provide Commercial Real Estate Brokerage Services [Docket No. 64] (together, the "**Coldwell Banker Application**") filed contemporaneously herewith. The Coldwell Banker Application is still pending before this Court.

[2] The Debtor reserves the right to demand proof of Fuse's bankruptcy-related legal fees.

17. On September 1, 2026, the Debtor filed its *Motion (I) for Entry of an Order (1) Approving Bid Procedures for the Sale of Real Property, (2) Approving the Stalking Horse Asset Purchase Agreement and Bid Protections, (3) Scheduling an Auction and Sale Hearing, (4) Authorizing the Debtor to Enter into the Stalking Horse Asset Purchase Agreement, and (5) Approving the Form and Manner of Notice and (B) An Order Authorizing the Sale of Real Property Free and Clear of Liens, Claims, and Encumbrances; and (III) Granting Related Relief* [Docket No. 43] (the "**Original Sale Motion**"), whereby the Debtor sought approval of a sale process which included a stalking horse bid from Fuse and related protections. Prior to the hearing on the Original Sale Motion, Oden submitted a competing stalking horse bid. The Court continued the hearing on the Original Sale Motion to allow the parties time to negotiate a consensual resolution.

18. Following good-faith, arm's-length negotiations, the Debtor. Fuse, and Oden agreed to the sale process as more particularly set forth herein. The sale process will not include a stalking horse bid or bid protections. The auction for the sale, if any, shall be held by this Court. If the Successful Bidder and Back-Up Bidder named at the conclusion of the auction fail to close, Oden shall have an opportunity but not the obligation to purchase the Property for the cash price of $3,500,000. If the Successful Bidder, Back-Up Bidder, and Oden fail to close, Fuse shall have the opportunity but not the obligation to purchase the Property for $3,000,000, which may include a credit bid.

19. Fuse may, pursuant to section 363(k) of the Bankruptcy Code, credit bid all or a portion of the Claim Amount toward the purchase price under the PSA. As set forth above, Fuse holds a valid, first-priority mortgage lien against the Property by virtue of the Judgment entered in the Foreclosure Action. No party has challenged the validity, priority, or extent of Fuse's liens or asserted grounds to limit or deny Fuse's right to credit bid under section 363(k). Accordingly, the

Debtor and Oden agree that Fuse may satisfy a portion of the purchase price by credit bid, with any amount of the purchase price exceeding the Claim Amount to be paid in cash at closing, all subject to approval by this Court.

20. As noted above, the Debtor seeks to employ Coldwell Banker Commercial Real Estate (the "**Broker**") to maximize exposure of the Property to the marketplace. The Broker's qualifications, proposed marketing efforts, and compensation are more fully described in the Coldwell Banker Application.

## Summary of Proposed Sale Terms and Disclosures

21. Pursuant to Local Bankruptcy Rule 6004-1, the following summary sets forth the material terms of the proposed transaction and sale process, including the disclosures required by that Rule. To the extent any transaction-specific information is not available as of the filing of this Amended Motion, the Debtor will provide such information by supplemental filing or notice sufficiently in advance of the applicable objection deadline and hearing. Capitalized terms used in this chart but not otherwise defined herein shall have the meanings ascribed to them in the PSA, the Bid Procedures, or the Sale Order, as applicable.

| Sale Term | Proposed Treatment / Disclosure |
|---|---|
| **Property** | Certain undeveloped real property located in Aiken County, South Carolina, commonly known as 1001 Old Aiken Road, North Augusta, South Carolina 29841, comprised of Tax Parcel No. 013-12-01-001, consisting of approximately 173.5 acres and Tax Parcel No. 013-12-01-002, consisting of approximately 11.0 acres, together with all improvements, fixtures, easements, appurtenances, and other rights appurtenant thereto (collectively, the "**Property**"). A complete legal description of the Property shall be attached as an exhibit to the PSA and is incorporated herein by reference. |
| **Valuation** | Amount: $9,100,000[3] |

[3] Fuse disputes the valuation of the Valbridge Property Advisors' appraisal.

| Sale Term | Proposed Treatment / Disclosure |
|---|---|
| | As-of date: April 8, 2024<br><br>Basis: Appraisal by Valbridge Property Advisors |
| **Stalking Horse Bidder** | N/A |
| **Purchase Price** | To be determined; provided, however, that for any bid submitted by Fuse, Fuse may credit bid of all or a portion of the Claim Amount pursuant to section 363(k) of the Bankruptcy Code, with the balance of the purchase price, if any, to be paid in cash at closing in accordance with the PSA. |
| **Bid Protections** | N/A |
| **Minimum Overbids** | At the Auction (if any) overbids shall be submitted in minimum increments of $50,000.00, or such other amount as the Bankruptcy Court may determine. |
| **Marketing and Broker** | Proposed Broker: Coldwell Banker Commercial Realty (the "Broker").<br><br>Proposed Compensation: A commission equal to six percent (6%) of the gross sale price; provided, however, that if the Property is sold through a credit bid, the Broker will receive a flat fee of $100,000.00, in each case subject to Court approval.<br><br>The Debtor's application to employ the Broker and approve its proposed compensation is scheduled to be heard contemporaneously with this Amended Motion. |
| **Credit Bid** | Pursuant to section 363(k) of the Bankruptcy Code, Fuse may credit bid all or a portion of the Claim Amount toward the Purchase Price in accordance with the PSA. The Debtor seeks authority to permit such credit Bid, and Fuse's right to credit bid shall be preserved absent a separate motion and a determination by the Court, after notice and a hearing, that cause exists to limit or deny that right under section 363(k). |
| **Liens, Claims, Interests, and Encumbrances** | The Debtor seeks authority to sell the Property free and clear of all liens, claims, interests, and encumbrances pursuant to section 363(f) of the Bankruptcy Code. Upon closing, all valid liens, claims, interests, and encumbrances shall attach to the proceeds of the sale, with the same validity, priority, and extent as existed immediately prior to the sale, subject to all rights, claims, defenses, objections, and further order of the Court. The Debtor will identify the applicable subsection or subsections of section 363(f) with respect to each such interest in connection with the proposed Sale Order. |

| Sale Term | Proposed Treatment / Disclosure |
|---|---|
| **Schedule** | Bid Procedures / Broker-Retention Hearing: September 25, 2026<br><br>Bid Deadline: December 8, 2026 at 6:00 p.m. (prevailing Eastern Time)<br><br>Notification of Qualified Bidders: December 9, 2026 at 6:00 p.m. (prevailing Eastern Time)<br><br>Sale Objection Deadline: December 14, 2026 for written objections; oral objections to the Auction may be raised at the Sale Hearing.<br><br>Auction (if any): December 16, 2026 at 1:00 p.m. (prevailing Eastern Time) or such other time at the convenience of the Court, to be held in person at the Courthouse or by Zoom in the discretion of the Court.<br><br>Notice of Successful Bidder: As soon as practicable following the Bid Deadline if the Debtor does not receive more than one Qualified Bids or following the Auction.<br><br>Sale Hearing: As soon as reasonably practical after the Auction, consistent with the Court's availability and schedule, but in no event later than December 23, 2026.<br><br>Outside Closing Date: January 7, 2027 for the Successful Bidder; if the Successful Bidder fails to close, January 14, 2027 for the Back-Up Bidder; if the Successful Bidder and Back-Up Bidder fail to close, January 21, 2027 for Oden; if the Successful Bidder, Back-Up Bidder, and Oden fail to close, January 28, 2027 for Fuse. |
| **Deposits** | Qualified Bid Deposit: Each Qualified Bidder (other than Fuse) shall submit, together with its Qualified Bid, a good-faith deposit equal to ten percent (10%) of the amount of the Purchase Price set forth in its Qualified Bid.<br><br>Additional Deposit: Within three (3) business days following the conclusion of the Auction, the Successful Bidder and the Backup Bidder (other than Fuse) shall increase their respective deposits so that each deposit equals ten percent (10%) of its final bid as determined at the Auction. Fuse shall not be required to post any deposit in connection with its credit bid under section 363(k) of the Bankruptcy Code. |
| **Fees, Costs, and Tax Consequences to the Estate** | Estimated Fees and Costs of Sale: Broker compensation as described above under "Marketing and Broker." Other than customary closing costs payable by the Debtor under the PSA, no material additional costs of sale are presently anticipated.<br><br>Other Estimated Costs of Sale: None presently anticipated, other than ordinary closing costs payable by the Debtor under the PSA.<br><br>Estimated or Possible Tax Consequences to the Estate: None presently anticipated. |

| Sale Term | Proposed Treatment / Disclosure |
|---|---|
| | Proposed Payment of Estate Tax Liability: Any transfer or other taxes allocated to the Debtor shall be paid from the proceeds of sale. |

## Relief Requested

22. By this Amended Motion, the Debtor seeks entry of the Bid Procedures Order, substantially in the form attached hereto as Exhibit A, which, among other things:

a. approves the Bid Procedures, which are incorporated in the Notice of Bid Procedures attached thereto as Attachment 1;

b. approves the form of PSA;

c. schedules the Bid Deadline, Auction (if necessary), Sale Objection Deadline, and Sale Hearing; and

d. grants such other and further relief as the Court deems just and proper.

23. The Debtor further seeks entry of the Sale Order, substantially in the form attached hereto as Exhibit B, which, among other things:

a. authorizes the sale of the Property to the Successful Bidder (or, if applicable, the Backup Bidder, Oden, or Fuse) pursuant to the terms of the approved Bid Procedures and the PSA;

b. authorizes the sale of the Property free and clear of all liens, claims, interests, and encumbrances pursuant to section 363(f) of the Bankruptcy Code, with such liens, claims, interests, and encumbrances attaching to the proceeds of the sale in the same validity, priority, and extent as existed immediately prior to the sale, subject to all rights, claims, defenses, objections, and further order of the Court; and

c. grants such other and further relief as the Court deems just and proper.

**Basis for Relief**

24. Section 363(b)(1) of the Bankruptcy Code provides that a debtor, "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate [. . .]." Courts generally authorize pre-confirmation sales of assets outside the ordinary course of business upon the articulation of a valid business justification. See, e.g., In re MCS Global Incorporated, 562 B.R. 648, 654 (Bankr. E.D. Va. 2017) (requiring a "sound business purpose"); In re Flour City Bagels, LLC, 557 B.R. 53, 77 (Bankr. W.D.N.Y. 2016) ("good business reason"); Fulton State Bank v. Schipper (In re Schipper), 933 F.2d 513, 515 (7th Cir. 1991) ("articulated business justification"); Committee of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.), 722 F.2d 1063, 1071 (2d Cir. 1983) ("good business reason"); In re Lady H Coal Co., Inc., 193 B.R. 233, 243 (Bankr. S.D. W. Va. 1996) ("sound business purpose"); WBQ P'ship v. Commonwealth of Va. Dep't of Med. Assistance Serv. (In re WBQ P'ship), 189 B.R. 97, 102 (Bankr. E.D. Va. 1995) (adopting "sound business purpose" test).

A. Approval of the Bid Procedures

25. In connection with such sales, bankruptcy courts routinely approve Bid procedures that are fair, reasonable, and designed to promote competitive Bid and maximize value for the benefit of the estate and its creditors. *See, e.g.*, *Comm. of Equity Sec. Holders v. Lionel Corp*. (*In re Lionel Corp*.)**,** 722 F.2d 1063, 1070–71 (2d Cir. 1983).

26. Approval of the proposed Bid Procedures at the outset of the sale process is necessary to preserve and maximize the value of the Property and the Debtor's estate. The Claim Amount continues to accrue interest and other charges, and the Debtor's estate continues to incur administrative expenses. Under these circumstances, it is in the best interest of the Debtor, creditors, and the estate that the Property be marketed through an orderly, transparent, competitive,

and expedited sale process designed to maximize value, minimize the costs and delays associated with a prolonged bankruptcy case, and permit the Debtor to promptly consummate a sale that provides the highest or otherwise best value for the Property.

27. To accomplish these objectives, the Debtor has developed the proposed Bid Procedures, incorporated in the Notice of Bid Procedures attached as Attachment 1 to the Bid Procedures Order, to govern the marketing, qualification, bid, and auction process for the Property. The Bid Procedures establish uniform standards for prospective bidders, the submission and evaluation of Qualified Bids, the conduct of any Auction, and the designation of the Successful Bidder and Backup Bidder. In doing so, they are designed to promote meaningful participation, provide prospective purchasers with a clear and transparent framework for competing to acquire the Property, and facilitate an efficient sale process that maximizes value for the Debtor's estate.

28. Under the proposed Bid Procedures, prospective purchasers will be afforded a reasonable opportunity to conduct due diligence and submit bids for the Property. To participate in the sale process, a prospective purchaser must satisfy the qualification requirements set forth in the Bid Procedures, demonstrate its financial ability to consummate the proposed transaction, timely submit a Qualified Bid that complies with the requirements of the Bid Procedures, and deliver the required good-faith deposit. Each Qualified Bid must be accompanied by an executed PSA, together with a copy marked to reflect any proposed modifications to the form PSA, thereby enabling the Debtor and other parties in interest to evaluate competing bids on a transparent and substantially equivalent basis.

29. The principal milestones of the proposed sale process are set forth below. The Debtor believes the proposed schedule affords prospective purchasers a reasonable opportunity to conduct due diligence and submit Qualified Bids, while ensuring that the sale process proceeds in

an orderly and expeditious manner that preserves the value of the Property and minimizes the costs associated with a prolonged chapter 11 case:

a. ***Bid Deadline***: Bids for the Property, including a marked-up form of the PSA, as well as the deposit and the other requirements for a bid to be considered a Qualified Bid (as defined in the Bid Procedures) must be received by no later than **December 8, 2026 at 6:00 p.m. (prevailing Eastern Time)** (the "**Bid Deadline**").

b. ***Notification to Qualified Bidders***. The Debtor will notify Bidders that their Bids have been deemed Qualified Bids no later than **December 9, 2026 at 6:00 p.m. (prevailing Eastern Time**).

c. ***Auction***: The Auction, if necessary, will be held by the Court on **December 16, 2026 at 1:00 p.m. (prevailing Eastern Time)**, or such other time at the convenience of the Court, to be held in person at the Courthouse or by Zoom in the discretion of the Court.

d. ***Notice of Successful Bidder***. The Debtor will file a notice identifying the Successful Bidder and Backup Bidder (if any) as soon as practicable following the Bid Deadline if the Debtor does not receive any Qualified Bids, or following the Auction (if any), but in no event later than **December 16, 2026 at 6:00 p.m. (prevailing Eastern Time)**.

e. ***Sale Objection Deadline***: Objections to the sale must be filed and served no later than **December 14, 2026** for written objections; oral objections to the Auction may be raised at the Sale Hearing.

f. ***Sale Hearing***: As soon as possible after the Auction, consistent with the Court's availability and schedule, but in no event later than **December 23, 2026**.

g. ***Outside Closing Date***. The Outside Closing Date shall be January 7, 2027 for the Successful Bidder; if the Successful Bidder fails to close, January 14, 2027 for the Back-Up Bidder; if the Successful Bidder and Back-Up Bidder fail to close, January 21, 2027 for Oden; if the Successful Bidder, Back-Up Bidder, and Oden fail to close, January 28, 2027 for Fuse.

30. The Debtor agrees not to extend or modify material deadlines governing the sale process, without seeking the consent and approval of Fuse and Oden. The proposed sale process is further reinforced by the Outside Closing Date, which reflects the parties' negotiated agreement

that the sale process and Closing should proceed on an expedited basis. The Outside Closing Date establishes a defined deadline for consummation of the sale process, minimizing the costs and risks associated with a prolonged chapter 11 case, preserving the value of the Property, and providing certainty to all parties participating in the sale process.

31. The Debtor believes the proposed Bid Procedures represent a sound exercise of its business judgment and are fair, reasonable, and appropriate under the circumstances of this chapter 11 case. The Bid Procedures were developed in consultation with Fuse, Oden and their respective professionals and are designed to encourage competitive bidding, maximize the value of the Property, and ensure that all interested purchasers are afforded a fair and equal opportunity to participate in the sale process. By establishing objective qualification requirements, clear Bid Procedures, and a structured auction process, the proposed Bid Procedures balance the need for an expeditious sale with the Debtor's fiduciary obligation to maximize value for the benefit of the Debtor’s estate.

B. <u>The Auction and Sale</u>

32. If the Debtor receives more than one Qualified Bid by the Bid Deadline, the Court will conduct the Auction in accordance with the proposed Bid Procedures. Prior to the Auction, the Debtor, after consultation with Fuse and Oden, shall select the highest and best bid from among the Qualified Bids as the opening bid. At the Auction, Qualified Bidders will be afforded a full and fair opportunity to submit successive overbids, in minimum $50,000 increments (or such other increment as the Court shall decide). Upon the recommendation of the Debtor, after consultation with Fuse and Oden, the Court will determine the highest or otherwise best Qualified Bid based upon the totality of the circumstances, including the purchase price, certainty of closing, timing, contingencies, and such other factors as are set forth in the Bid Procedures. Following the

conclusion of the Auction, and in accordance with the schedule set forth above, the Debtor will designate the Successful Bidder and the Backup Bidder. If no Qualified Bid is timely received, no Auction will be conducted, and the Debtor will seek approval of the sale contemplated by the PSA to Fuse and/or Oden at the Sale Hearing.

**(1) The Property May Be Sold Free and Clear of Liens, Claims, Interests, and Encumbrances Pursuant to Section 363(f).**

33. Section 363(f) of the Bankruptcy Code authorizes the sale of property free and clear of any interest in such property if any one of the conditions set forth in subsections (1) through (5) is satisfied. 11 U.S.C. § 363(f). The Bankruptcy Code permits a sale free and clear where, among other things, applicable nonbankruptcy law permits such a sale, the holder of the interest consents, the interest is a lien and the sale price exceeds the aggregate value of all liens on the property, the interest is the subject of a bona fide dispute, or the holder of the interest could be compelled to accept a money satisfaction of its interest.

34. The Debtor submits that the requested sale satisfies one or more of the requirements of section 363(f) with respect to each lien, claim, interest, and encumbrance asserted against the Property. Pursuant to the Sale Order, any valid liens, claims, interests, and encumbrances will attach to the proceeds of the sale with the same validity, priority, and extent that they had immediately prior to the closing of the sale, subject to all rights, claims, defenses, objections, and further order of the Court. Accordingly, the requested free-and-clear relief will preserve the rights of all interested parties while facilitating the prompt and orderly consummation of the sale.

**(2) Fuse Is Entitled to Credit Bid Pursuant to Section 363(k).**

35. Section 363(k) of the Bankruptcy Code provides that, unless the Court for cause orders otherwise, the holder of an allowed claim secured by property that is to be sold under section 363(b) may bid at such sale and, if successful, offset its claim against the purchase price of the

property. 11 U.S.C. § 363(k). Credit Bid protects secured creditors against the risk that their collateral will be sold for less than its true value while encouraging competitive Bid and promoting a robust sale process.

36. Fuse holds the first-priority mortgage lien against the Property pursuant to the Judgment entered in the Foreclosure Action. Nothing before the Court constitutes, or should be construed as, a request to limit or condition Fuse's rights under section 363(k), and no party has asserted cause to do so. Accordingly, the Debtor requests that the Bid Procedures Order expressly preserve Fuse's right to credit bid all or any portion of its allowed secured claim in accordance with section 363(k) and applicable law.

**(3) The Successful Bidder and Back-Up Bidder Are Good Faith Purchasers.**

37. Section 363(m) of the Bankruptcy Code protects a purchaser that acquires property in good faith from the effects of reversal or modification of a sale order on appeal, unless the sale is stayed pending appeal. Whether a purchaser has acted in good faith depends upon the integrity of its conduct during the course of the sale proceedings and the absence of fraud, collusion, or an attempt to obtain an unfair advantage over other bidders.

38. As set forth above, the bid procedures and auction format are designed to encourage good faith and arm's length bids from Qualified Bidders and will result in a competitive sale process under Court supervision. Accordingly, the Debtor respectfully submits that the Court should find that ultimate purchaser of the Property is a good faith purchaser entitled to the protections afforded by section 363(m) of the Bankruptcy Code.

**(4) The Form and Manner of Notice Should Be Approved.**

39. Bankruptcy Rules 2002 and 6004 and Local Bankruptcy Rules 2002-1, 6004-1, and 9013-1 require notice of the proposed Bid procedures, auction, and sale hearing to parties in

interest. The Debtor submits that the proposed Notice of Bid Procedures is reasonably calculated to provide timely and adequate notice of the proposed sale process, the Bid Deadline, the Auction (if necessary), the Sale Hearing, and the procedures for objecting to the requested relief. Accordingly, the Debtor respectfully requests approval of the form and manner of the proposed notices.

**(5) The Requested Scheduling Relief Is Appropriate.**

40. The proposed schedule provides sufficient time for interested parties to conduct diligence, submit competing bids, object to the requested relief, and participate in the Auction and Sale Hearing, while recognizing the need to market and sell the Property on an expedited basis. The Debtor submits that the proposed scheduling deadlines appropriately balance the interests of the estate, Fuse, Oden, potential bidders, and other parties in interest and are consistent with the objective of maximizing the value of the Property through an efficient and transparent sale process. Accordingly, the Debtor respectfully requests that the Court approve the proposed scheduling dates set forth in the Bid Procedures Order.

**Notice**

41. Following entry of the Bid Procedures Order, the Debtor will serve the Notice of Bid Procedures attached thereto as Attachment 1 on the Office of the United States Trustee, Fuse, all known holders of liens, claims, interests, and encumbrances against the Property, applicable taxing and governmental authorities, all parties requesting notice in this case, and all other parties entitled to notice (collectively, the "**Notice Parties**") in accordance with the Bid Procedures Order and applicable law. The Debtor submits that the proposed Notice of Bid Procedures is reasonably calculated to apprise all interested parties of the proposed sale, the material terms of the sale process, and the applicable deadlines for objecting to the requested relief, and therefore satisfies

the requirements of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and due process.

42. The Notice of Bid Procedures identifies the Property, the material terms of the proposed sale process, the procedures for obtaining copies of the PSA, the applicable deadlines, and the date, time, and location of the Sale Hearing. The Debtor submits that the proposed notice is reasonably calculated to apprise interested parties of the relief requested and satisfies the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

43. Pursuant to the schedule set forth above, the Debtor will file and serve a notice identifying the Successful Bidder, any Backup Bidder, the purchase price, and any other material information required by the Bid Procedures Order. The Debtor submits that the proposed notice procedures provide timely and adequate notice to all interested parties

**Waiver of the Stay Imposed by Bankruptcy Rule 6004(h)**

44. The Debtor further requests that the Court waive the fourteen (14)-day stay otherwise imposed by Bankruptcy Rule 6004(h) with respect to the Sale Order. Cause exists to grant such relief. As set forth herein, the Property has been the subject of prepetition foreclosure proceedings, the obligations secured by the Property continue to accrue interest and other charges, and the bankruptcy estate continues to incur administrative expenses. The proposed sale process has been structured to proceed on an expedited basis in order to preserve and maximize the value of the Property while minimizing the costs associated with a prolonged chapter 11 case. Imposition of the fourteen-day stay would unnecessarily delay the Closing, increase costs to the bankruptcy estate, and jeopardize the benefits of the sale process approved by the Court.

45. Accordingly, the Debtor respectfully requests that the Sale Order provide that it shall be effective immediately upon its entry and that the stay imposed by Bankruptcy Rule 6004(h) be expressly waived.

## Conclusion

**WHEREFORE**, the Debtor respectfully requests that the Court: (a) enter the Bid Procedures Order, substantially in the form attached hereto as Exhibit A, approving the Bid Procedures, PSA, and form and manner of notice, establishing the procedures and schedule governing the sale process, and granting such other and further relief as set forth therein; and (b) following the Sale Hearing, enter the Sale Order, substantially in the form attached hereto as Exhibit B, authorizing the sale of the Property to the Successful Bidder (or, if applicable, the Backup Bidder) free and clear of liens, claims, interests, and encumbrances pursuant to section 363(f) of the Bankruptcy Code, together with such other and further relief as set forth therein; and (c) grant such other and further relief as the Court deems just and proper.

Dated: September 24, 2026

Respectfully submitted,
*/s/ Kristen E. Burgers*
Stephen E. Leach (DC Bar No. 925735)
Kristen E. Burgers (DC Bar No. 500674)
HIRSCHLER FLEISCHER, PC
1676 International Drive, Suite 1350
Tysons, Virginia 22102
Phone: (703) 584-8900
Facsimile: (703) 584-8901
Email: sleach@hirschlerlaw.com
kburgers@hirschlerlaw.com

*Counsel to the Debtor*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of September, 2026, the foregoing Amended Motion (I) for Entry of an Order (1) Approving Bid Procedures for the Sale of Real Property, (2) Scheduling an Auction and Sale Hearing, (3) Approving the Form and Manner of Notice, and (4) Approving the Form of Purchase and Sale Agreement and (B) An Order Authorizing the Sale of Real Property Free and Clear of Liens, Claims, and Encumbrances; and (III) Granting Related Relief was served by this Court's CM/ECF electronic case management system on all parties entitled to receive notice thereby.

*/s/ Kristen E. Burgers*
Kristen E. Burgers