**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| In re: | ) | |
| TURNER DEVELOPMENT, LLC, | ) | Chapter 11 |
| Debtor. | ) | Case No. 26-00077-ELG |

**MOTION FOR AN ORDER (I) AUTHORIZING DEBTOR TO CONTINUE USE OF EXISTING BANK ACCOUNT AND (II) WAIVING THE DEPOSIT AND INVESTMENT REQUIREMENTS OF SECTION 345 OF THE BANKRUPTCY CODE**

Turner Development, LLC, the debtor and debtor-in-possession herein (the "**Debtor**"), by its undersigned counsel and pursuant to Sections 105(a) and 345 of the United States Bankruptcy Code (the "**Bankruptcy Code**"), hereby move (the "**Motion**") for the entry of an Order (i) authorizing the Debtor to continue using its existing bank account and (ii) waiving the deposit and investment requirements of § 345 of the Bankruptcy Code, subject to the terms and conditions set forth herein. In support of this Motion, the Debtor respectfully states as follows:

## JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(b) and 1334. This is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A) and (O). Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2. On February 23, 2026 (the "**Petition Date**"), the Debtor filed a voluntary petition

Stephen E. Leach (DC Bar No. 925735)
Kristen E. Burgers (DC Bar No. 500674)
HIRSCHLER FLEISCHER, PC
1676 International Drive, Suite 1350
Tysons, Virginia 22102
Telephone: (703) 584-8900
Facsimile: (703) 584-8901
Email: sleach@hirschlerlaw.com
kburgers@hirschleraw.com

*Counsel to the Debtor*

for relief under chapter 11 of the Bankruptcy Code initiating this chapter 11 case (the "**Chapter 11 Case**"). The Debtor continues to manage its property and financial affairs as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No official committee of creditors has been appointed in this Chapter 11 Case.

3. The Debtor is a construction company and owner of multiple parcels of real property located in South Carolina. Of the real property owned by the Debtor, the most valuable is approximately 185 acres located at 1001 Old Aiken Road, North Augusta, South Carolina 29841 (Tax Parcel Nos. 013-12-01-0001 and 013-12-01-0002), which has received the requisite approvals for the construction of a Traditional Neighborhood Development named Weeping Willows (the "**Property**").

4. Prior to the Petition Date, Fuse 10, LLC ("**Fuse 10**"), the first priority secured lender, . On March 15, 2024, Fuse 10 initiated proceedings to foreclose on the Property. The Debtor filed this Chapter 11 Case to stop the foreclosure process and to market and sell the Property pursuant to the Bankruptcy Code.

5. On October 7, 2026, this Court entered an order approving sale and bid procedures [Docket No. 71] for the Property. The Debtor intends to use the net sale proceeds, after the payment of Fuse 10's secured claim and usual and customary costs of sale, to fund a plan of reorganization.

6. On the Petition Date, the Debtor had two bank accounts – one with American Airlines Credit Union Bank (formerly the Armed Forces Bank) ("**AACUB**") and one with Newtek Bank ("**Newtek**").[1] Neither AACUB nor Newtek has been approved as a depositary by the Office of the United States Trustee for Region Four ("**OUST**"). As of the Petition Date, each

[1] The Debtor erroneously included on its Schedule A/B [Docket No. 11] a third operating account with Bank of America. This account was, however, closed prepetition. The Debtor intends to amend its Schedule A/B to show only the operating accounts with AACUB and Newtek.

of the accounts had a balance of $0.00. The Debtor closed the Newtek bank account post-petition.

7. The Debtor's assets consist primarily of undeveloped land which does not generate any income. Prior to the Petition Date, Tracey Turner, the sole member of the Debtor, would loan money to the Debtor for the purpose of paying specific bills. The loan proceeds would be deposited into either the AACUB bank account or the Newtek bank account for the Debtor's use. The Debtor disbursed such funds promptly to pay bills, leaving little to no money in the bank accounts.

8. Because the Debtor has no money at this time, the Debtor is unable to satisfy the minimum requirements to open a debtor-in-possession ("**DIP**") account at a depositary approved by the OUST. For that reason, the Debtor seeks authorization to continue using its AACUB account until the Property is sold and the Debtor has sufficient funds to open a DIP account.

## RELIEF REQUESTED

9. By this Motion, the Debtor respectfully requests the entry of an Order (i) authorizing the continued use of the AACUB account and (ii) waiving the deposit and investment requirements of § 345 of the Bankruptcy Code until the Debtor sells the Property, at which time it will open a DIP account with a depositary approved by the OUST.

## BASIS FOR RELIEF

10. The Operating Guidelines established by the OUST (the "**Guidelines**") require chapter 11 debtors to, among other things: (i) close all existing bank accounts; (ii) open new debtor in possession bank accounts (each a "**DIP Account**"); (iii) establish one debtor in possession account for the payment of taxes, including payroll taxes; (iv) maintain a separate

debtor-in-possession account for cash collateral; and (v) obtain checks bearing the designation "debtor in possession," the case number, and the type of account.

11. The Debtor seeks authorization, pursuant to section 105(a) of the Bankruptcy Code, for the continued use of the AACUB account, rather than opening a new DIP Account, until it has funds which would enable it to satisfy the minimum requirements to open a DIP Account. Section 105(a) authorizes the court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

12. Because of the administrative and other burdens involved with DIP Accounts, OUST-approved depositories generally require debtors to maintain fairly high minimum balances or to have significant cash flowing through the DIP Account. As discussed above, the Debtor is not able to satisfy these requirements, as it generally has a *de minimis* balance in the AACUB account and little or no money flowing through the AACUB Account. The Debtor met with various OUST-approved banks to open a DIP Account, but was unable to do so. Given the Debtor's circumstances, it is highly unlikely that it would be able to open a DIP Account at any OUST-approved depositary at this time.

13. If the Court grants the relief requested herein, the Debtor intends to maintain and continue to use its existing AACUB account in the name and with the account number existing immediately prior to the Petition Date. The Debtor would retain the right to: (i) deposit funds in and withdraw funds from the AACUB account by all usual means, including, without limitation, checks, wire transfers, automated clearinghouse transfers, electronic funds transfers, and other debits; (ii) treat the AACUB account for all purposes as a debtor in possession account; and (iii) pay for bank services in the ordinary course of business. The Debtor requests that the Court authorize and direct AACUB account to continue to maintain, service, and administer the Bank

Account. Such relief has previously been granted to chapter 11 debtors in possession in this district.

14. In addition, the Debtor requests an order waiving the Debtor's compliance with the deposit and investment requirements under section 345 of the Bankruptcy Code, as the account balance carried by the Debtor is *de minimis*. Section 345 of the Bankruptcy Code governs a debtor's deposits and investments during a chapter 11 case. Section 345(a) of the Bankruptcy Code authorizes investments of money as "will yield the maximum reasonable net return on such money, taking into account the safety of such deposit or investment." However, for deposits or investments that are not "insured or guaranteed by the United States or by a department, agency or instrumentality of the United States or backed by the full faith and credit of the United States," section 345(b) of the Bankruptcy Code requires that the estate obtain from the entity with which such money is deposited or invested a bond in favor of the United States secured by the undertaking of an adequate corporate surety, unless the court orders otherwise."

15. The Debtor does not maintain any investment accounts. In light of the amount of funds that will flow through the estate and the minimal balance in the AACUB account, it is unnecessary and inefficient for the Debtor to have to incur the expense of obtaining a bond. The Debtor submits that its current practices provide sufficient protection for its cash and that it would be in the best interests of the estate for the Debtor to continue to follow these practices.

16. The Debtor submits that, once the Property is sold and its financial circumstances change, it will open a DIP Account when the balance of the AACUB account or the volume of funds flowing through the AACUB account is sufficient to satisfy the requirements to open a DIP Account at an OUST-approved depositary.

17. For the foregoing reasons, the Debtor requests that this Court: (i) waive the

requirements under the Guidelines that the Debtor close its existing AACUB account, open new bank accounts, establish a bank account for taxes, and establish a bank account for cash collateral; (ii) authorize the Debtor to continue to use its existing AACUB account in the ordinary course of business; and (iii) waive the requirements of section 345(b) of the Bankruptcy Code.

## **Waiver of Memorandum of Law**

The Debtor respectfully requests that this Court treat this Motion as a written memorandum of points and authorities in accordance with Local Bankruptcy Rule 9013-1(b)(2).

WHEREFORE, the Debtor respectfully requests that the Court enter an order, substantially in the form attached hereto, granting the relief requested herein, and such other and further relief as the Court deems just and proper.

Dated: November 2, 2026

Respectfully submitted,

*/s/ Kristen E. Burgers*

Stephen E. Leach (DC Bar No. 925735)
Kristen E. Burgers (DC Bar No. 500674)
HIRSCHLER FLEISCHER, PC
1676 International Drive, Suite 1350
Tysons, Virginia 22102
Phone: (703) 584-8900
Facsimile: (703) 584-8901
Email: sleach@hirschlerlaw.com
kburgers@hirschlerlaw.com

*Counsel to Turner Development, LLC*