**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| TURNER DEVELOPMENT, LLC, | ) | |
| | ) | Case No. 26-00077-ELG |
| Debtor. | ) | |

**ORDER (I) AUTHORIZING DEBTOR TO CONTINUE USE OF EXISTING BANK ACCOUNT AND (II) WAIVING THE DEPOSIT AND INVESTMENT REQUIREMENTS OF SECTION 345 OF THE BANKRUPTCY CODE**

Upon consideration of the Motion for Entry of an Order (I) Authorizing Debtor to Continue Use of Existing Bank Account and (II) Waiving the Deposit and Investment Requirements of Section 345 of the Bankruptcy Code (the "**Motion**") [Docket No. __][1] filed by Turner

[1] All capitalized terms used but not defined herein shall have the meanings set forth in the Motion.

Stephen E. Leach (DC Bar No. 925735)
Kristen E. Burgers (DC Bar No. 500674)
HIRSCHLER FLEISCHER, PC
1676 International Drive, Suite 1350
Tysons, Virginia 22102
Telephone: (703) 584-8900
Facsimile: (703) 584-8901
Email: sleach@hirschlerlaw.com
kburgers@hirschleraw.com

*Counsel to Turner Development, LLC*

Development, LLC, the debtor and debtor-in-possession herein (the "**Debtor**"); and it appearing that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and all other parties in interest; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Debtor having provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances and no other or further notice need be provided; and the Court having reviewed the Motion; and no objections having been filed; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Motion is granted.

2. The Debtor is hereby relieved of any requirement that it close its existing bank account (the "**Bank Account**") with American Airlines Credit Union Bank (the "**Bank**"), establish new bank accounts designated as debtor-in-possession accounts, establish separate debtor in possession accounts for taxes, and establish separate debtor in possession accounts for cash collateral; provided, however, once the Debtor sells the Property and has sufficient funds to meet the minimum requirements to open a debtor-in-possession account (the "**DIP Account**") at an approved depositary, the Debtor shall close the Bank Account and open a DIP Account.

3. The Debtor is authorized to continue to deposit and invest cash and cash equivalents in its Bank Account and to the extent such deposit practices are not consistent with the

requirements of Section 345(b) of the Bankruptcy Code or of the U.S. Trustee Operating Guidelines for Chapter 11 Cases, such requirements are waived.

4. Subject to the provisions of this Order, (i) that certain existing deposit agreement between the Debtor and the Bank shall continue to govern the postpetition cash management relationship between the Debtor and the Bank, and that all of the provisions of such agreements, including, without limitation, the termination and fee provisions, shall remain in full force and effect, (ii) the Debtor and the Bank may, without further Order of this Court, agree to and implement changes to the cash management systems and procedures in the ordinary course of business, including, without limitation, the opening and closing of bank accounts, provided, however, that the Debtor shall provide notice of the opening/closing of bank accounts to the Office of the United States Trustee within seven (7) days after such opening/closing, and (iii) in the course of providing cash management services to the Debtor, the Bank is authorized, without further Order of this Court, to deduct from the Bank Account customary fees and expenses associated with the nature of the deposit and cash management services rendered to the Debtor, whether arising prepetition or postpetition (the "**Bank Fees**"), and further, to charge back to the Bank Account any amounts resulting from returned checks or other returned items, including, without limitation, returned items that result from automated clearing house transactions, wire transfers, or other electronic transfers of any kind, regardless of whether such items were deposited or transferred prepetition or postpetition and regardless of whether the returned items relate to prepetition or postpetition items or transfers.

5. Nothing contained herein shall prevent the Bank from terminating any cash management services consistent with the terms of any applicable agreements on not less than sixty

(60) days prior written notice to the Debtor and the Office of the United States Trustee and upon terms reasonably satisfactory to the Bank.

6. Subject to Section 553 of the Bankruptcy Code, the Bank is prohibited from offsetting, netting, affecting, or otherwise impeding any funds of the Debtor deposited in the Bank Account on account of or by reason of any claim (as defined in section 101(5) of the Bankruptcy Code) of the Bank against the Debtor that arose before the Petition Date, absent further order of this Court.

7. Within fifteen (15) days of the date of entry of this Order, the Debtor shall contact the Bank and identify the Bank Account as being held by a debtor in possession in a bankruptcy case.

8. The Debtor, its officers, employees and agents, are authorized to take or refrain from taking such acts as are necessary and appropriate to implement and effectuate the relief granted herein.

9. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained herein shall constitute, nor is it intended to constitute, an assumption of any contract under section 365 of the Bankruptcy Code or the waiver by the Debtor or its non-debtor affiliates of any of their rights pursuant to any agreement by operation of law or otherwise.

10. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and interpretation of this Order.

*REMAINDER OF PAGE INTENTIONALLY BLANK*

WE ASK FOR THIS:

*/s/ Kristen E. Burgers*
Kristen E. Burgers (DC Bar No. 500674)
Stephen E. Leach (DC Bar No. 925735)
HIRSCHLER FLEISCHER, PC
1676 International Drive, Suite 1350
Tysons, Virginia 22102
Telephone: (703) 584-8900
Facsimile: (703) 584-8901
Email: kburgers@hirschlerlaw.com

*Counsel to Turner Development, LLC*

SEEN AND NO OBJECTION:

*/s/*
Kristen Eustis, Esq.
Office of the United States Trustee
1725 Duke Street, Suite 650
Alexandria, Virginia 22314

Copies to:

Stephen E. Leach, Esq.
Kristen E. Burgers, Esq.
HIRSCHLER FLEISCHER, PC
1676 International Drive, Suite 1350
Tysons, Virginia 22102

Kristen Eustis, Esq.
Office of the United States Trustee
1725 Duke Street, Suite 650
Alexandria, Virginia 22314

All attorneys who have entered an appearance and who are registered e-filers

All entities on the Court's mailing list

**END OF ORDER**